RICHARDS v. MILLER. ( No. 50/10.)

(Supreme Court, Appellate Division, Third Department.   May 5, 1915.)

1. APPEAL AND ERROR ☞960—PLEADING ☞317—REVIEW—DISCRETION OF TRIAL COURT—BILL OF PARTICULARS.

The granting of an order requiring plaintiff to furnish a bill of particulars is within the discretion of the special term judge, and will not be reversed unless that discretion was abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825, 3832–3834; Dec. Dig. ☞960; Pleading, Cent. Dig. §§ 954–962; Dec. Dig. ☞317.]

2. PARTNERSHIP ☞327—ACCOUNTING—BILL OF PARTICULARS.

In a suit by a partner for an accounting of a partnership which had continued for over 20 years, it was not an  abuse of discretion for the court to require plaintiff to furnish a bill of particulars of the matters alleged by the complaint as constituting the account.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 769–778; Dec. Dig. ☞327.]

3. PLEADING ☞323—BILL OF PARTICULARS—ORDER.

A provision in an order for a bill of particulars that if the plaintiff fails to comply with the order he shall not be permitted to give any evidence at the trial in support of the claims of which he has not given a bill of particulars is unauthorized, though the court can, after the bill is filed, if the plaintiff did not exercise good faith in giving such particulars, preclude him from giving evidence of such claims.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. ☞323.]

Appeal from Special Term, Sullivan County.

Action by John Richards against Asa Miller.  From an order requiring plaintiff to serve a bill of particulars, the plaintiff appeals.  Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD and WOODWARD, JJ.

Carpenter & Rosch, of Liberty, for appellant.
John R. De Vany, of Ellenville, for respondent.

SMITH, P. J.  [1, 2]  The order appealed from directs a verified bill of particulars to be served by the plaintiff as to many matters alleged

in the complaint. The granting of this order was within the discretion of the Special Term judge, and we are unable to say that that discretion has been abused. The plaintiff sues for an accounting with defendant, with whom plaintiff was a partner for over 20 years in blacksmithing. It is proper that the defendant should have the particulars of the matters alleged by the complaint as constituting the account.

[3] The final provision of the order is to the effect that, if the plaintiff fails and refuses to comply with the terms of the order, he is precluded from giving any evidence on the trial in support of his claims of which he has not given a bill of particulars. This portion of the order was unauthorized. See Hein v. Honduras Syndicate, 138 App. Div. 788, 123 N. Y. Supp. 431, and Metropolitan Life Insurance Company v Heinze, 163 App. Div. 943, 148 N. Y Supp. 214. If, after the plaintiff has furnished such bill of particulars as he is able to furnish, the defendant should be of opinion that he had not exercised good faith in giving the particulars of his claim, the defendant may then apply to the court for an order excluding the evidence as to those parts of the claim of which particulars have not been given. The court will not ordinarily, however, preclude a party from giving evidence, if satisfied that the party has in good faith furnished such particulars as he could furnish in pursuance of the order.

The order is therefore modified, by striking therefrom the last provision, and, as modified, affirmed, without costs.

Order modified, as per opinion, and, as modified, affirmed, without costs. All concur.