JACOB STEINLEGER, Appellant, *v.* HERBERT FRANKEL and FANNIE FRANKEL, Respondents.

(Supreme Court, Appellate Term, First Department, January, 1922.)

Bill of particulars — discretionary order under section 247 of Civil Practice Act — negligence action — plaintiff on premises at invitation of tenants injured by fall of plaster from ceiling in hallway.

> Where in an action to recover for injuries caused by the fall upon plaintiff of a large piece of plaster or other substance from the ceiling in one of the hallways of premises upon which, at the time, as alleged in the complaint, he was lawfully, at the invitation of one of the tenants of the premises, the granting of an order for a bill of particulars as to the age and residence of plaintiff, the name of the tenant whom plaintiff claims he was visiting at the time of the accident, and the size of the piece of plaster which plaintiff claims fell and struck him, is discretionary under section 247 of the Civil Practice Act.

> The order granted herein was not an abuse of discretion, and is affirmed, but without costs to either party.

APPEAL by plaintiff from part of an order of the City Court of the city of New York granting defendants' motion for a bill of particulars.

Kornbluth & Pollack (Herman C. Pollack, of counsel), for appellant.

Phillips, Jaffe & Jaffe (Harold M. Phillips, of counsel), for respondents.

BIJUR, J. The action is brought against parties in control of premises to recover damages for personal injuries alleged to have been suffered by plaintiff by reason of the falling of a " large piece of plaster or

other substance from the ceiling in one of the hallways thereof." It is alleged in the complaint that plaintiff was at the time of the accident lawfully on the premises " at the invitation of one of the tenants thereof."

A motion for a bill of particulars embracing nineteen items was granted. Appellant complains only of the following items: (1) the age of the plaintiff; (2) the residence of the plaintiff; (4) the name of the tenant whom the plaintiff claims he was visiting at the time of the alleged accident; and (6) the size of the piece of plaster which the plaintiff claims fell and struck him. Appellant urges that it is " not the office of a bill of particulars to furnish the evidence but to amplify a pleading and to limit the proof," and that the items complained of are outside of its scope. He suggests also that since failure to comply warrants an order precluding proof of the particulars refused, plaintiff should be required to give particulars only of those facts which he must prove upon the trial.

Plaintiff's contentions are in the main sound and might even be extended. The function of a bill of particulars has been defined to be " an amplification of the pleading " (*Dwight* v. *Germania Life Ins. Co.,* 84 N. Y. 493, 506) and " to limit " generalities (*Gee* v. *Chase Mfg. Co.,* 12 Hun, 630). Its purpose is also described in *Slingerland* v. *Corwin,* 105 App. Div. 310, 311, as " to amplify the pleadings and to indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made, in order that surprise upon the trial may be avoided." The latter point is emphasized in the *Dwight* case at page 503, where the court says that the object of the bill is " to reach exact justice between the parties, by learning just what is the truth, and to learn what is the truth, by giving to each party all reasonable opportunity to produce his own proofs and to meet and sift those of

his adversary." It has also been said, " It is not the purpose of a bill of particulars to compel a party to furnish to his adversary the evidence upon which he relies." *Smidt* v. *Bailey,* 132 App. Div. 177. But since the bill is by the very words of the statute to set forth " particulars of the claim " of either party, it must necessarily contain a statement of some facts. " Of course a bill of particulars may not be required for the purpose of disclosing the evidence or names of witnesses of an adversary, but it will be required for the purpose of giving definite information as to a claim or proposition contended for by an adversary *with respect to any material fact at issue."* *Taylor* v. *Security Mutual Life Ins. Co.,* 73 App. Div. 319, 323. See, also, *Bjork* v. *Post & McCord,* 125 App. Div. 813. That a statement of facts is necessarily involved is further exemplified by those cases like *Chittenden* v. *San Domingo Improvement Co.,* 132 App. Div. 169, and *Hill* v. *Bloomingdale,* 136 id. 651, which authorize an examination before trial even of adverse parties or witnesses solely in order to enable the other party to furnish certain of the " particulars." Since, therefore, the plaintiff is required to give particulars of his claim with respect to facts at issue, it follows that what he must give involves at least some reference to facts even though in the form of what we call a statement of ultimate rather than of evidentiary facts. In seeking, however, to distinguish between these two classes, between ultimate facts and evidentiary facts, we are met by that same question of degree which has been so often commented upon by Mr. Justice Holmes, and of which in a notable passage he writes, " It may be said that the difference is only one of degree: *most differences are* when nicely analyzed." *Rideout* v. *Knox,* 148 Mass. 368, 372.

On the other hand, the bill of particulars referred

Appellate Term, First Department, January, 1922. [Vol. 117.

to in our system of practice really covers two remedies, (1) the '' copy of the account '' sued upon which must be furnished as a matter of right (under the first sentences of section 531 of the Code of Civil Procedure, now Civil Practice Act, section 246), and (2) the particulars of a party's '' claim '' in actions other than upon an account, the direction to furnish which *is discretionary* with the court (under the last sentence of that section, now Civil Practice Act, section 247). See *Badger* v. *Gilroy*, 21 Misc. Rep. 466; *People* v. *McClellan*, 191 N. Y. 341; *Board of Trustees* v. *Hurlburt*, 161 N. Y. Supp. 436. The instant case falls within the latter category.

It seems to me that under the more liberal practice which it has been sought to introduce by the new Civil Practice Act and the accompanying rules, an appellate court should be slow to reverse the discretion of a judge below in respect to items in a bill of particulars unless that discretion has been abused. An abuse of discretion, however, does not occur merely because the lower court has come to a conclusion different from what might have been arrived at in the first instance by individual members of the appellate tribunal. If the alleged error appealed from involved a disregard of some positive fixed rule of law the error would be a mistake of law and not an abuse of discretion. The distinction is often a nice one. ''A proper balance between strict rule and magisterial discretion is one of the most difficult problems of the science of the law.'' Roscoe Pound, '' Criminal Practice in the American City,'' The Survey, Oct. 29, 1921. In discussing a somewhat similar distinction in legislative powers, Prof. Wigmore has said of Justice Holmes: '' He has ever been keenly conscious of the delicacy involved in reviewing other men's judgment not as to its wisdom but as to their right to entertain the

reasonableness of its wisdom." 29 Harvard Law Review, 686.

Nevertheless, in many instances, and surely in the one at bar, the line is not difficult to draw. The question then remains, has the judge below abused his discretion? I take it that there has been no such abuse unless some substantial right of the unsuccessful party has been prejudiced or some remedy impeded or at least some serious inconvenience caused to him. It is clear in the instant case that by supplying the particulars directed in the order appealed from the plaintiff's rights and remedies will be in no way affected and that he will be subjected to none of those unfavorable features such as unnecessary disclosure of personal or business affairs which constitute an important consideration in matters of this kind. On the whole, therefore, I cannot see that any judicially cognizable wrong is predicable of the exercise of his discretion by the judge below. Nor do I think that the plaintiff need fear an order of preclusion in respect of the matters complained of. An order of preclusion need not, and should not, follow merely as matter of course, particularly not when the party ordered to furnish the bill has acted in good faith. " The court will not ordinarily, however, preclude a party from giving evidence if satisfied that the party has in good faith furnished such particulars as he could furnish in pursuance of the order." Smith, P. J., in *Richards* v. *Miller,* 167 App. Div. 443; *Prym* v. *Peck & Mack Co.,* 136 id. 566; *Smith* v. *Bradstreet Co.,* 134 id. 567.

While, therefore, it appears to me that some of the items granted below have little if any substantial value in connection with the " claim " of plaintiff or the ability of either side to develop its case on the trial, the age of the plaintiff may have some relation to the question of the extent of his injuries; and the

Appellate Term, First Department, January, 1922. [Vol. 117.

name of the person whom he claims to have been visiting may assist the defendant in ascertaining the lawfulness of plaintiff's presence on the premises. There appears to be little value or purpose in requiring the plaintiff to state the size of the piece of plaster which struck him, particularly as the complaint describes it as a large piece; but on the other hand, there can be no harm in requiring the plaintiff to state its dimensions approximately if he be able, and if not the order permits him to disclose his inability. The address of the plaintiff seems to be wholly immaterial to the function of a bill of particulars; it should properly be ascertained by a motion directed particularly to that end. *Matter of Malcom,* 129 App. Div. 226, and cases there cited. It would, however, be only a waste of time of court and counsel to require an additional motion to be made solely for so simple and harmless a purpose.

On the whole, therefore, although as intimated above, it is possible that had the matter been presented to me as an original application I might have declined to grant some or all of the items complained of, two of them seem to be quite appropriate to a bill, all are quite harmless to the plaintiff and none wholly immaterial to the issue. Under such circumstances I am of the opinion that due regard for the exercise of discretion by the judge below justifies an affirmance of the order, but without costs.

LYDON and McCOOK, JJ., concur.

Order affirmed, without costs to either party.