JOSEPH F. McMAHON, Claimant, *v*. THE STATE OF NEW YORK, Defendant.

Court of Claims, April 22, 1940.

*Austin W. Erwin*, for the claimant.

*Paul Muscarella, Assistant Attorney-General*, for the defendant.

GIBBS, J.    This is a motion for permission to file a claim against the State of New York, made pursuant to subdivision 5 of section 10 of the Court of Claims Act (Laws of 1939, chap. 860), which became effective July 1, 1939, and which was formerly subdivision 5 of section 15 of chapter 775 of the Laws of 1936, and was re-enacted without change, as follows: " A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death.   The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the State or its appropriate department had prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim.   The application may be made returnable at any regular or special session of the court and may be heard and determined

by any judge thereof. The claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application. No such application shall be granted if the court shall find that the State has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed."

Prior to the above enactments, the only remedy which a prospective claimant had against the State, if for any reason he had failed to file a notice of intention to make a claim or a claim itself, within the period required by the Court of Claims Act, was by a special act of the Legislature permitting such filing.

As the Court of Claims is a court of limited jurisdiction and compliance with certain prescribed requirements is necessary to confer jurisdiction, and one of them especially is the very limited time within which a proposed claimant may present his claim, it frequently happened that the perfectly honest citizen lost his right to file a claim as a matter of course, even by a day, as a day too late was just as fatal as a month or a year.

He was then limited to a long, tedious, difficult and doubtful course of getting a bill prepared, introduced in both houses of the Legislature, importuning an Assemblyman and Senator to get the bill passed and then finally convincing the Governor, engrossed in a multitude of bills before him, that his bill should be approved; this sometimes met with success but more often did not, by reason of the practical impossibility and expense of personal contact somewhere on this tedious and circuitous route.

As a remedy for all of this, both in justice to the citizen and the State, the above-mentioned laws were enacted, and prescribed a just and direct way of securing a proper result by motion, upon which, of course, both parties are heard. There are four requirements which the circumstances of this application must meet. (*Schroeder* v. *State*, 252 App. Div. 16.)

The motion papers in this matter are in strict conformity with the statute in practice, form and substance, to wit: (1) Notice of motion; (2) a verified claim showing a *prima facie* cause of action; (3) affidavits in support thereof and showing that the State had full knowledge of the facts at all times and can in no way be prejudiced, and (4) a reasonable excuse for not filing the claim within the prescribed period. The prospective claimant has fairly met all these requirements. The decision of this motion rests entirely upon the moving papers, as the State appeared in opposition to granting the motion by an Assistant Attorney-General, but filed no answering affidavits.

The claimant alleges in a verified claim that he was an employee of the New York State Agricultural School at Industry, N. Y., in July, 1937; that he still is an employee of said institution; that he is chairman of the civil service association at Industry and chairman of the committee to protect the rights of the employees at Industry in connection with their claim for pay for overtime services; that he and his fellow employees were subject to the provisions of section 168 of the Labor Law (added by Laws of 1936, chap. 716, as amd. by Laws of 1937, chaps. 146, 249), which required that after July 1, 1937, certain State employees, including the prospective claimant, shall not be permitted or required to work more than eight hours in any day except in cases of emergency; that, although no emergency existed, claimant and his fellow employees were required to work more than eight hours a day after July 1, 1937; that the State of New York should compensate these employees for the overtime work performed by order of the State during the period of July 1, 1937, to August 5, 1938.

This cause of action which claimant alleges is in the nature of a contract action; therefore, he was obliged by subdivision 4 of section 15 of the Court of Claims Act to file his claim, or notice of intention to file a claim, within six months of the time his claim accrued. If a cause of action accrued, it accrued on pay day in each month and the statute then began to run as to that portion of the claim. The petitioner did not file a notice of intention or a claim within that time, and the reason therefor is fully explained in the affidavits on this motion. He now seeks permission under the above section of Court of Claims Act to file his claim. The Legislature has left it to the court's discretion to permit a claimant to file such claim at any time within two years after the accrual thereof. This motion was made within that period.

Discretion is a liberty or privilege allowed to a judge within the confines of right and justice, but independent of the narrow and unbending rules of positive law, to decide and act in accordance with what is fair, as determined upon the peculiar circumstances of the case, and as discerned by his personal wisdom and experience, guided by the spirit, principles and analogies of the law. (*Osborn* v. *United States Bank*, 9 Wheat. 738, 866.)

The circumstances of this case entitle the claimant to be allowed to file his claim. After July 1, 1937, the institution at which claimant and his fellow employees worked could not function properly on the new schedule of hours prescribed by section 168 of the Labor Law, until additional employees were trained. This

made it necessary for the old employees to work overtime during the period of readjustment which finally ended August 5, 1938. During this period, and thereafter, claimant conferred with the superintendent of the school, who is a State officer and employee, and with two officers of the State Civil Service Association at Albany, through which conversations he was led into believing that an adjustment would be made whereby he and the others would be compensated for overtime work. These efforts were highly commendable and made for the purpose of obtaining what those employees considered their just and legal compensation, without unnecessary delay and without extra labor and cost to both claimants and the State. However, these worthy efforts were in vain as no adjustments and no payments were made. The denial of this application penalizes honest and most worthy efforts of this prospective claimant and his coemployees, instead of assisting them in carrying out the real object of the Court of Claims Act. In the fall of 1938, claimant, as chairman of the civil service association at Industry, received authority from his fellow employees to engage an attorney. Material for most of the ninety claims of the other employees, which depend upon the decision of the court in this application, was gathered and submitted to the said attorney in June, 1939. The remainder of the material was submitted to him in July, and thereupon this motion was properly made. It was agreed upon the argument of this motion that the decision herein should control all other prospective claims of the other employees in like situation.

As in the cases of *Mitchell* v. *State* (Motion No. 327); *Wilmer* v. *State* (Motion Nos. 39 and 40); and *United Hoisting Co.* v. *State* (Motion No. 3), this claimant was misled into believing that some adjustment would be made within the department for which he worked. The superintendent told him he was negotiating with proper persons and was trying to get compensation for him for his extra work. Only when claimant found out that his superior, on whom he had relied, could do nothing for him and his colleagues, did he seek the assistance of an attorney. Then the six months' period was spent except for the portion of the claim arising in the last month or two. It took several months to secure the required information, and soon after it was placed in the attorney's hands this motion was made. No undue delay is chargeable to the claimant.

In view of the fact that McMahon was chairman of the civil service association at Industry and intended to make his case the precedent for the claims of all of the other employees who were in similar situations, he was justified in waiting the collection of the necessary data which, at the most, was a short time.

Each employee would have been required to prepare and serve a notice of intention for each six months for which he has not been paid, or three notices for each person, and as there are ninety prospective claimants that would have required at least two hundred and seventy different notices of intention to have been served, and as each notice of intention must be served on the Court of Claims, the Attorney-General and the particular bureau involved, the total notices of intention in these claims would have been over eight hundred. This would have been not only a needless multiplicity of documents and waste of time and energy, but a striking example of a violation of the policy of the law to avoid a multiplicity of actions.

The statute requires that it must be shown that the State had actual knowledge of essential facts constituting the complaint prior to the expiration of the prescribed period. The claim is based on a statute and not on casual, unusual or temporary conditions, and the State officers must be presumed to know the law as well as private individuals, and this applies, also, with additional force, to those State officials who are charged specifically with general supervision, as well as those in direct control of the school at Industry.

In addition, the State's officers had actual knowledge of the claims for additional compensation on which the petitioner and his fellow employees are now asking to file claims from the date the first claim accrued, in August, 1937. The superintendent of the school was working with the State authorities to have these claims adjusted without court action.

The State was not prejudiced by the failure to file a notice of intention to press these claims. The purpose of the notice is to apprise the State of the claim and give it opportunity to investigate. (*Diamond* v. *State*, 147 Misc. 706.) At all times it had notice of the claimants' intentions to ask for extra compensation from the State, and it had all the records in its files of the overtime hours and rate of wages upon which this claim is based.

The emphasis both on subdivisions 4 and 5 of section 10 of the Court of Claims Act and in the cases, is upon the two-year provision. Suit must be filed or permission to bring suit must be sought within two years of accrual of the claim. In the case of *Webster* v. *State* (257 App. Div. 902; Id. 1043) the Appellate Division held that the Court of Claims acted within its discretionary powers in permitting the claimant to file his claim within two years of the time that the injury occurred on which the claim was based. Application was made both to Appellate Division and the Court of Appeals for permission to appeal to the Court of Appeals, both

of which motions were denied. Claimant's wife was injured May 17, 1935, when bleachers owned by the State at the Normal School at Brockport collapsed. Claimant's wife filed a notice of intention to file a claim against the State July 3, 1935. Claimant did not know her injuries would ultimately cause him great expense for medical care for his wife and loss of her companionship. March 3, 1937, he petitioned the court for permission to sue. The motion was granted, inasmuch as the State was not prejudiced. Likewise, in the cases of *Raffone* v. *State* (Motion No. 78) and *Saultz* v. *State* (Motion No. 356) the Court of Claims permitted claims to be filed within two years of the injuries suffered in those cases in spite of the fact that notices of intention to file were not filed within the prescribed period. Mary Raffone was injured when she tripped on a negligently constructed picnic table at Bear Mountain Park, September 27, 1936. Through ignorance of the law, she did not attempt to recover from the State until she sought permission to file her claim May 7, 1937. Permission was granted. Morton Saultz was injured while on National Guard business, July 8, 1938. He was led to believe he had no cause of action against the State, but in December, 1938, he discovered that he did have. Permission to sue the State was granted.

The claim of John L. Thompson against the State arose September 14, 1936; motion was made for permission to file a claim September 8, 1938, or within six days of the prescribed period of two years. An order permitting the filing of the claim was made June 12, 1939, two years and nine months after the accrual of the claim. This order was unanimously affirmed by the Appellate Division, Third Department (*Thompson* v. *State*, 258 App. Div. 758). Both the spirit and intent of the Court of Claims Act, as well as the practical application of its provisions, require that it should receive a reasonably liberal construction, instead of a rigidly conservative one.

The application of the prospective claimant to file his claim should be granted. An order may be submitted to that effect.