CLAYTON A. RUGG, JR., Appellant, v. STATE OF NEW YORK, Respondent. (Motion No. 1654.)

Third Department, May 9, 1951.

*Harold W. Katz* and *Ernest B. Morris* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General* and *Ronald E. Coleman* of counsel), for respondent.

HEFFERNAN, J. On April 5, 1948, claimant was seriously injured when the automobile which he was operating collided with a bridge located on the State highway between Glens Falls and Hudson Falls. It is asserted that claimant's injuries were sustained solely because of the negligence of the State of New York in the maintenance of the bridge and the approach thereto.

In the treatment and care of his injuries claimant was confined, first, in a hospital for a period of sixty-two days and, thereafter, to his bed in a state of immobility for an additional period of eighty-six days.

In his affidavit claimant alleges that because of the nature and extent of his injuries he was unable to consult an attorney until December, 1948. Later his attorney advised him that a claim for damages should have been filed within ninety days of the date of the accident.

On September 28, 1949, claimant noticed a motion, based on his own affidavit and on a proposed claim annexed thereto, for an order, pursuant to the provisions of section 10 of the Court of Claims Act, permitting him to file a claim.

The application was heard and denied by the Court of Claims on October 26, 1949. From the order of denial claimant has come to this court.

Subdivision 3 of section 10 of the Court of Claims Act provides that a claim to recover damages because of the negligence of the State " shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which

event the claim shall be filed within two years after the accrual of such claim.''

Subdivision 5 of the same section provides that when a claimant neglects to file a claim or a notice of intention within the time limited the court may, in its discretion, permit the filing of a claim within the two-year period, or, in a case of wrongful death within two years after decedent's death. The pertinent provision of the statute is: '' The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim.''

From these statutory provisions it is evident that the only requirement is that the proof shall show '' a reasonable excuse for the failure to file the notice of intention ''. Obviously the only excuse contemplated by the statute is for failure to act during the ninety-day period. The State has made no serious attempt to refute the statement in claimant's affidavit that he was incapacitated for over one hundred and forty-eight days — a period of time well beyond the ninety-day limitation. In fact the Judge who heard the motion in his decision said: '' This man was injured on April 5th. He stayed in the hospital until June 5th, and we will give him credit for that time. From June 6th to September 1st he claims that he was confined to his bed and we will give him credit for that.''

In view of the time that claimant was incapacitated and bearing in mind the quoted remarks of the Judge who heard the motion we think claimant was not called upon to offer any further proof or excuse for his failure to file the notice of intention.

The State contends that claimant has failed to show that it '' or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim.''

We think this argument is not meritorious. In his moving affidavit claimant asserts: '' That your deponent is informed and verily believes that the State of New York cannot plead surprise or prejudice because of the delay in filing this claim inasmuch as a report of this accident was filed with the Bureau of Motor Vehicles of the State of New York; the accident was investigated by the New York State Police and a report filed; an investigation and Hearing held by the Bureau of Motor

Vehicles of the State of New York and report filed; the Department of Highways of the State of New York are fully informed of the facts and circumstances surrounding the accident and the condition of the road and related circumstances which caused the accident and that they are further cognizant of the fact that the condition which existed at the time of the accident has not been corrected.''

We think the affidavit is sufficient to establish notice to the State and also that it has not been prejudiced by the delay (*Toof* v. *State of New York*, 260 App. Div. 830, affd. 285 N. Y. 620; *Hunter* v. *State of New York*, 268 App. Div. 948).

The case of *Chergotis* v. *State of New York* (259 App. Div. 369) upon which the State relies is not in conflict with these views. There we upheld an order denying permission to file a claim. We based our decision on the ground that the proposed claim failed to state a cause of action. In that case it appeared that the driver of the car which inflicted the fatal injuries was a police officer assigned to duty to one Todd while the latter was acting as a prosecutor in a criminal proceeding in Kings County. The car involved was not owned by the State and neither the driver nor the passenger was either an officer or an employee of the State.

The only contradiction of these allegations is found in an answering affidavit of an assistant attorney-general in which it is said '' that the State has been substantially prejudiced '' by the delay. Then follows this significant sentence '' That no investigation of this accident has been made *by any official of the Department of Public Works*.'' (Emphasis supplied.) This court is not quite so naive as to accept that statement as a denial of want of knowledge on the part of the State.

On this record we may not say that the State has been prejudiced by the delay in filing the notice. Without deciding upon whom the burden of proof rests in that respect it is very apparent that the State would have much less difficulty in showing that it has been prejudiced than claimant would have in showing the contrary.

The argument, which is given so much emphasis, that the order under review is discretionary and that consequently we should not disturb it, is without any persuasive force. We exercise our own discretion. Our powers of review comprehend the right to review an exercise of discretion by inferior courts and, equally, the right to exercise our own discretion, independently, when the facts, or circumstances, of the case are

such as to justify it (*Pietraroia* v. *New Jersey & Hudson Riv. Ry. & Ferry Co.,* 197 N. Y. 434, 437).

In *Matter of Bond* (251 App. Div. 651, 654) this court said: "Almost every form of relief has been time out of mind labeled 'discretionary.' * * * The idea which it is designed to express is real, if perhaps vague. Discretion is not the judge's sense of moral right; neither is it his sense of what is just. He is not clothed with a dispensing power or privileged to exercise his individual notions of abstract justice. With him there is no scope for judicial caprice. Principles of law are to be ascertained and followed. Justice is administered in the courts on settled and fixed principles. It does not vary, 'like the Chancellor's foot.' The rights of litigants do not rest in the discretion or grace of the judge. In all cases that come under his consideration a judge must act with discretion and discrimination and give weight to every circumstance bearing on the question to be adjudicated. He is not at liberty, in determining personal or property rights, to act at his own discretion unrestrained by the legal and equitable rules governing these rights."

The order appealed from should be reversed on the law and facts, with $25 costs and disbursements, and the motion granted.

BREWSTER, J. (dissenting). In passing upon the order appealed from, our power is to be applied to a review of the discretion which was exercised by the Judge of the Court of Claims in his denial of the application. We are not at liberty to consider the application *de novo.* If the discretion in question turned upon a reasonable basis we are thereby constrained. We are not to hear and pass upon the application. As an appellate court we are only to determine whether its denial was an abuse of the discretion which was confided a Judge of the Court of Claims and not to us. (Court of Claims Act, § 10, subd. 5.) We recognized this and so stated in *Scully* v. *State of New York* (275 App. Div. 1016). The question for us is whether a judicial mind, in view of the relevant rules of law and on due consideration of all the circumstances, could reasonably have reached the conclusion of the court below. (5 C. J. S., Appeal and Error, § 1583, subd. 3, p. 476.) That we would have decided differently does not allow us to cancel the exercise of the discretion under review and adjudge that it was abused. (*Sherlock* v. *Manwaren,* 208 App. Div. 538; *Steinleger* v. *Frankel,* 117 Misc. 693, 696.) The appellant has the burden of showing that a prejudicial abuse of discretion plainly appears

from the record, and if upon the whole record any doubt exists as to whether it was abused the ruling below should not be reversed. (5 C. J. S., Appeal and Error, § 1584.) The discretion was one to be exercised according to the judgment and conscience of him in whom the law confided it and the functions of the Court of Claims seem to emphasize that. It is not a discretion to be exercised according to the judgment and conscience of an appellate court in whom the law does not confide it. (*Judges of Oneida Common Pleas* v. *People ex rel. Savage,* 18 Wend. 79, 99.) The question before us does not involve a mistake of law. It is, rather, whether the Judge who made the order appealed from *abused* the discretion confided in him by the statute. As once said by Justice Holmes, we should, therefore, be cautious of the delicacy involved in reviewing another man's judgment, not as to its wisdom but as to his right to entertain the reasonableness of its wisdom. (29 Harv. L. Rev. 683, 685.)

Certainly we may not say the discretion was exercised maliciously, wantonly, or arbitrarily, nor that it was exercised at the mere will, pleasure, whim or caprice of the Judge. Instead, I think it must be said that it was based upon a reasonable premise, and was, as the record clearly manifests, in accordance with the dictates of the Judge's own judgment and conscience, uncontrolled by the judgment or conscience of others. Thus has discretion been defined. (*Judges of Oneida Common Pleas* v. *People ex rel. Savage, supra.*) As I view it the Judge below had a reasonable ground for his stated premise that the moving affidavit fell short of the statutory requirements, in that there was an insufficient showing that prior to the ninety-day expiration the State or its appropriate department had " actual knowledge of the essential facts constituting the claim." There is naught to show that the report which claimant filed with the Motor Vehicle Bureau and the investigation by it or by the State Police were ever brought home to the Department of Public Works. Nor has it been shown that the investigations thus briefly referred to, whatever they were, brought to light the *essential facts* upon which plaintiff now bases the claim he asks permission to file, much less that knowledge thereof ever reached the appropriate department. For aught that appears the appropriate department never knew of the accident until notice of the application for a delayed filing. The notice to the State Police and the Motor Vehicle Bureau is not the required notice to the State. (*Chergotis* v. *State of New York,* 259 App. Div. 369, 373.)

The whole matter here, including claimant's right to have proceeded seasonably or at all, has only statutory sanction, and permission for the late filing required a showing not only of a reasonable excuse for the delay, but also that the State through its appropriate department had actual knowledge of the essential facts before the expiration of the time limited for its filing. Of course, the State can have such knowledge only when it comes to the appropriate department. Here this is the Department of Public Works. The conclusory statement in claimant's affidavit that, at some time not stated, the " Department of Highways * * * [was] fully informed of the facts * * * and related circumstances which caused the accident " etc., could reasonably be considered as falling short of the statutory requirement, and it was met by substantial denials in the opposing affidavit. At least such a vague and generalized showing was faulty and afforded a reasonable basis for the exercise of the discretion which resulted in the order appealed from, and that is all which is for us to determine. The order should be affirmed.

BERGAN and COON, JJ., concur with HEFFERNAN, J.; BREWSTER, J., dissents, in an opinion, in which DEYO, J., concurs.

Order appealed from reversed, with $25 costs and disbursements, and motion granted. [See *post,* p. 985; 279 App. Div. 810.]