ADEN BUSHEY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 30583.) — Appeal by the State from an order of the Court of Claims permitting a late filing of the claim, and from a judgment of the Court of Claims awarding $9,500 to claimant for personal injuries sustained as a passenger in an automobile involved in an accident upon a State highway. There is also an appeal by the claimant on the ground of inadequacy. Claimant was a passenger in an automobile owned and operated by one Norris which was proceeding in a southerly direction along State highway No. 148 a short distance north of Gloversville. At the point of the accident the State had relocated the highway, which was of concrete construction, and had left the old macadam highway open. As the Norris car proceeded toward the scene of the accident the concrete highway was straight and level for approximately 700 feet, and then the old macadam highway continued in a direct, straight line. However, the concrete highway, at the exact point of its juncture with the old macadam highway, began a curve to the left, and continued to curve for a substantial distance. As the Norris car approached the juncture of the old macadam road with the concrete highway another vehicle was approaching in the opposite direction, and stopped before entering upon the concrete highway. The accident occurred about 10:45 in the evening, and both of these vehicles had headlights lighted. On the west side of the old macadam road were several houses and a tavern, lighted with neon lights. Without any warning that the main highway curved to the left, Norris was confronted with a situation of approaching headlights and lighted buildings straight ahead of him, which would naturally lead him to believe that his course continued straight. Concededly there were no signs of any description indicating a curve or an intersection, and there were no pavement markings or reflectors. When

Norris discovered that the road curved sharply to his left, he attempted to negotiate the curve, and the evidence warrants an inference that he would have been successful in doing so except for the fact that there was a four-inch drop off the edge of the concrete road upon which he was proceeding at the point where the macadam joined it, together with loose dirt, which threw his car out of control, resulting in its overturning and the injuries to claimant. The Court of Claims has found that the conditions and circumstances present constituted a dangerous condition to a lawful user of the highway in the night-time, and that the State was negligent in maintaining such conditions without any warning, and that such negligence was a proximate cause of claimant's injuries. Claimant was a passenger in the automobile involved, and the court also found he was free from contributory negligence. The record sustains such findings. Claimant, a young man thirty-one years of age, married and the father of three children, was seriously and permanently injured, including the fracture of a vertebra in his back. He had been a bulldozer operator prior to the accident, and for some two years prior thereto his average earnings were $100 per week without overtime. He was totally incapacitated from work for approximately four months. From that time on he was unable to operate a bulldozer or even a tractor. He was obliged to take lighter work which reduced his earnings to $50 per week or less. The undisputed medical testimony is that his back injury is permanent and that he will never be able to do heavy work of the type which he performed prior to the accident. He had substantial medical bills. The sum of $9,500 is inadequate to compensate him for the damages which he sustained, and the amount of his damages should be increased to $15,000. The granting of the order permitting a late filing of the claim was a proper exercise of discretion, and the order is affirmed, with $10 costs. The judgment is modified, on the law and facts, by increasing the amount of damages to $15,000 and as so modified, is affirmed, with costs. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Halpern, J., dissents in part, in the following memorandum: I concur for affirmance on the State's appeal, but I also vote for affirmance on the claimant's appeal. While the claimant suffered serious injuries, I do not believe that we are warranted in disturbing the evaluation of the injuries by the trier of the facts. The trial court found that a physical examination of the claimant shortly before the trial " disclosed that he still had some limitation of rotation involving the neck; that the muscles of the spine were essentially normal; that the tenderness over the fractured vertebra had disappeared. That the neurological examination was negative at that time. That another X-ray was taken and this still showed the wedge-shaped deformity of the body of the vertebra that resulted from the accident of 1949." While the trial court found that " The claimant's average wages for several months prior to the trial at the kind of work he was able to do was $50.00 per week ", there is no certainty as to how much the claimant will be able to earn in the future, even though he refrains from doing any work " involving any heavy lifting or jarring causing strain or stress of the spinal cord and back." The determination of future loss of earnings is peculiarly within the province of the trier of the facts. The Trial Judge had the advantage of seeing the claimant at the trial and hearing his testimony and that of the doctors as to the nature and extent of the claimant's injuries. His evaluation of the injuries is entitled to at least as much respect as we accord to the finding of a jury (*Masterson* v. *City of Mechanicville*, 274 App. Div. 736, 743, affd. 300 N. Y. 574). What this court recently said with respect

to the weight to be given to findings of the Court of Claims on the issue of liability (*Eason* v. *State of New York*, 280 App. Div. 358) is applicable a fortiori to the issue of damages.