MARJORIE M. HOTCHKISS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2726.)

Court of Claims, October 23, 1954.

*J. Cyril O'Connor* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Fred I. Zabriskie* of counsel), for defendant.

SYLVESTER, J. Having failed to commence her action within the prescribed period, claimant now seeks leave to file her proposed claim (Court of Claims Act, § 10, subd. 5). Though the cause accrued on September 28, 1952, the instant application was served and filed on September 28, 1954, long after the

required ninety-day period and upon the very last day of the two-year limitation period. On October 24, 1952, claimant's attorney, who was retained on or about October 20, 1952, wrote to the Director of the Creedmoor State Hospital, where the accident occurred, advising him fully about the event. Among other things, he stated that he intended to institute suit to recover damages for the injuries suffered by the claimant unless he heard from him in a week's time regarding an amicable adjustment of the matter. On November 5, 1952, the Director advised him that the matter had been submitted to the Department of Law. No further action was taken by the attorney in the prosecution of his client's claim until the instant application was brought.

While the State makes no serious contention that it has been substantially prejudiced by the delay in filing, it, nevertheless, urges a denial of the application because of claimant's noncompliance with the statutory requirement that a reasonable excuse be shown for failure to file within the ninety-day period. The excuse offered is regarded as insufficient. The papers recite a rather harrowing tale of difficulties encountered by the attorney both before and after the instant claim accrued. It appears that he and his family were in a serious automobile collision on August 12, 1951, more than a year prior to his retainer by the claimant, and that he, thereafter, discontinued his law practice until January or February, 1952. However, it also appears that from February, 1952, until September, 1953, he resumed his law practice and that it was not until September, 1953, that he again discontinued it and discharged his secretary. Thus, it is acknowledged that he was engaged in his practice at the time he was retained by the claimant and that he had pursued claimant's matter to the extent of communicating with the Director of the State institution. No good reason appears why he could not have filed the claim or a notice of intention to file a claim during the required statutory period. Moreover, the papers are silent about any effort on the claimant's part to urge prosecution of her claim during the lapse of two years. This is not a case like *Rugg* v. *State of New York* (278 App. Div. 216, revd. 303 N. Y. 361; 279 App. Div. 810), where a reasonable excuse is tendered for failure to file within the ninety-day period. Conversely, rather, the situation here is that the excuse relates to periods of time other than the material ninety-day period. So long as the statute makes it necessary that a reasonable excuse be shown before an application of this character may be granted, the requirement may not be ignored by the court.

In the instant circumstances it would appear to be an unwarranted exercise of the court's discretion to grant the application. To do otherwise would open the door wide to excuses of a character which would tend to render the statutory requirement nugatory. The motion is therefore denied. Submit order.