■ HARRY ASHTON, Appellant, v. J. J. HAGGERTY, INC., Respondent.— In a consolidated action to recover damages for injuries to person and property, the appeal is from a judgment dismissing the complaint at the close of plaintiff's case. Judgment reversed and new trial granted, with costs to appellant to abide the event. Appellant was driving his motor vehicle westerly on the State highway known as Montauk Highway or Route 27 in Easthampton at about 2:00 A.M. on February 16, 1951. At a place where the road curved to his left, he drove off the road to the right of the curve onto rough ground and, after riding a distance of about seventy-five feet on that rough ground, the vehicle went back on the highway and across it and there overturned. The area was not lighted; it was dark and misty, and the only illumination which afforded vision to appellant was that given by the headlights of his vehicle, which were on low beam at the time. Appellant testified that his vehicle "bounced along" on the rough ground; that he "had difficulty con-

trolling" the vehicle, that he tried to brake it "but missed and probably hit the gas pedal." Prior to the accident, respondent had been performing a contract, which it had with the State of New York, to level this area alongside the road and there was evidence that at the time of the accident the surface material of the ground in that area was gravel, loam, dirt and stone; that the surface was rough, and that the surface of the road itself was covered with loam and dirt, "almost identical in color" with the material in the rough area, for a distance which the evidence indicated to be fifty, a hundred or a hundred and fifty feet from the point where the appellant went off the road to the east, from which direction he had come. It was appellant's testimony that he had followed this loam and dirt on the highway "right off on to the new construction". Further evidence was that there were no signs, lights, flares, or barriers at the portion of the curve where appellant drove off the road, although there was a lighted sign on the road about a quarter mile east of the point in question, which sign read "Construction ahead for 1.62 miles. Proceed with caution". Appellant admitted having seen this sign, but testified that when he saw it he reduced the speed of his vehicle from forty miles an hour to thirty miles an hour and maintained this reduced speed until the accident occurred. It was reasonably foreseeable that, under the conditions above mentioned, a driver of a motor vehicle would be led to believe that the path of the highway continued along the rough terrain of the new construction and that the ground in the area of the new construction was dangerous for the passage of motor vehicles. The creator of the condition on the highway, in the light of the condition of the ground in the area of the new construction, could be found to be responsible for the resultant accident. (Cf. *Bushey* v. *State of New York*, 281 App. Div. 728, affd. 305 N. Y. 744.) An inference could also be drawn that the condition on the highway was created by respondent (cf. *Hughes* v. *Borden's Farm Products Co.*, 252 N. Y. 532). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.