— Appeal from an order of the Court of Claims. Claimant was injured December 31,1956 while skating in a State park, suffering fractures of both tibia and fibula. The contemporaneous knowledge of State employees of the occurrence of the accident is clearly established. They administered help to claimant, removed him on a stretcher and administered first-aid treatment. He was hospitalized for three weeks and was home under treatment of a physician for the next three months. He continued under medical treatment for his injuries during the period at issue. One physician who saw claimant on February 17 noted his leg was then in a east; that he “was incapacitated” and it was the opinion of the physician he would “not be in any proper condition ” to assume “ the regular duties ” in a “ wholly normal manner ” for a “ considerable time ” after February 17. The physician who actually treated claimant swore on July 8 that he was still incapacitated and “ unable to move about normally ”, during the period described. This physician was of opinion he was “ not in any proper physical condition to assume his *931 regular duties in a wholly normal manner ”. When his attorney saw claimant at his home on July 2 on his retainer to prosecute the claim, he noted that his “ leg was still in a brace and that his movements were restricted and he hobbled around only with the greatest difficulty”. Notice of claim was not filed within the 90 days after December 31 required by subdivision 3 of section 10 of the Court of Claims Act, and on July 9, claimant applied to the court for an order pursuant to subdivision 5 of section 3.0 of the Court of Claims Act permitting late filing of the claim. The motion was granted and the State appeals. The proof is clear that during the entire 90 days following the accident claimant was so physically disabled as to be either in a hospital or unable to leave his home. If Rugg v. State of New York (278 App. Div. 216, reversed on the ground the order did not state the reversal was on the facts, 303 N. Y. 361, reconsidered and reversal placed on the facts, 279 App. Div. 810) is followed literally, the 90-day period is the crucial time and if there is adequate excuse for letting that time go by, the effective disability need not continue through all the succeeding period before the motion to file the claim is made. There the claim arose April 5, 1948 and the motion to excuse late filing was not made until September 28, 1949, almost 18 months later. Admittedly 10 months before the motion was made claimant was able to and did consult a lawyer. The court is of the -opinion that the “ only excuse contemplated ” was for the 90-day period (p. 218). An affidavit of the claimant appearing in that record stated he was unable to think clearly due to his disability, but the opinion of this court for reversal of the Court of Claims did not rest on that ground, but on the physical disability of claimant during the 90-day period. During the 90-day period the physical disability of claimant in the ease before us and his immobilization in a hospital or at home justified the Court of Claims in holding that claimant had a “ reasonable excuse ” for not filing within the scope of subdivision 5. There seems quite an adequate justification for this order as that applying to David George Crofut in waiting almost a year to file a claim, considered in Crofut v. State of New York (279 App. Div. 681). The decision in Bushey v. State of New York (281 App. Div. 728) is not readily distinguishable. (Cf. Scully v. State of New York, 275 App. Div. 1016; Lawrence v. State of New York, 281 App. Div. 922.) The abundant notice the State had of the accident fills the other conditions of the statute (§ 10, subd. 5) that the State had knowledge within the 90-day period of “ the essential facts constituting the claim”. Order affirmed, with $10 costs.
[6 Misc 2d 553.]
Bergan, Coon and Gibson, JJ., concur; Foster, P. J., not voting.