Alexander Del Gtorho, J.
This is a motion for an order permitting the filing of a late claim in accordance with the provisions of subdivision 5 of section 10 of the Court of Claims Act.
On February 26, 1959, claimant and the State entered into a contract for the purchase by the State of a part of claimant’s Westchester Division. In consideration of such sale, the State paid to claimant the sum of $2,434,000.
The agreement provided that “ The State will duplicate the present entrance facilities, including the gatehouse and garage, in every respect at the new entrance to the Society’s grounds Pursuant to such agreement, the State engaged Mount Vernon Contracting Company to construct new entrance facilities on the property of claimant, and construction was begun in the Summer of 1959. During the course of construction of the entrance facilities, claimant made known to the State its contention that it was the obligation of the State to landscape the grounds surrounding the new entrance facilities torn up in the course of construction, to install and paint fencing along the new property line of claimant’s premises and to erect gate installations at the new entrance.
*954 A misunderstanding arose as to the interpretation of the above clause of the contract. On or about October 1, 1961, the State’s representative in attendance during the construction withdrew from the premises, the Mount Vernon Contracting Company having withdrawn shortly before that date. The State refused to perform the foregoing items of construction and as a result claimant contracted to pay and did pay for their performance the sum of $65,131.04, which sum is now the amount demanded in the proposed claim against the State.
Claimant alleges that the claim accrued on October 1, 1961, at which time the claimant was enabled to fix the amount of damages incurred. During the ensuing six months, which was the period during which a claim or notice of intention should have been filed, claimant maintains that there was an understanding between claimant and the State’s representatives that conferences would be held to settle the claim. In that period, claimant’s counsel anticipated that the said conferences would result in a mutually satisfactory settlement, and for that reason did not file a claim or notice of intention within that time. Eventually, on October 17,1962, a conference was held, at which time the State refused any compromise of the claim.
On February 21,1961, the Department of Public Works wrote to claimant, acknowledging the receipt of plans for the work from engineers engaged by claimant. Reference was made to a letter received by the department from Mr. P. Gr. Baldwin, Director of the Bureau of Rights-of-Way and Claims, in which the latter advised the department that a thorough review of the situation indicated that the State had no responsibility under the contract to perform work on landscaping and flagstone plaza or to pay the fee of the landscape architect. The letter suggested that the attorneys for the hospital discuss the matter further with the Bureau of Rights-of-Way and Claims.
Subsequently, it was agreed between Mr. Baldwin and claimant’s counsel that a conference would be held between them at a future date.
With respect to the claim for the installation and painting of fencing and the erection of gate installations, discussions were held between representatives of claimant and the State on July 14, 1961, August 25, 1961 and on other occasions. As to painting of fencing, a hospital representative advised the Department of Public Works as to the claimant’s intention by letters of April 5, 1961 and April 10, 1961, and the department responded by letter of May 3, 1961. In the letter from the department, claimant was advised that the department did not bMieve this work should be done as part of the contract,
*955 The court is satisfied that the State had actual knowledge of the essential facts constituting the claim of the hospital prior to the expiration of the time for the filing of a claim or of a notice of intention. The court finds also that the State has not been prejudiced by the failure to file the claim or notice of intention within the time limited.
The question which remains for the court to decide is whether claimant has presented a reasonable excuse for its failure to file a claim or notice of intention within the time limited. As hereinbefore set forth, the claimant contends, and the court agrees that the claim herein accrued on October 1, 1961. Correspondence relative to various phases of the contract dispute had been held between claimant and the State from February, 1961 through May 3, 1961. During the period from October 1, 1961 to April 1, 1962, and thereafter, oral arrangements were made for a conference to be held between the parties, at a future date, in an effort to negotiate the dispute. Claimant took no further action, however, between the time of the expiration of the six-month period and the time of the conference which finally took place on October 17, 1962.
In an effort to substantiate its contention that a reasonable excuse has been shown for failure to file a notice of intention or a claim, claimant cites the case of McMahon v. State of New York (173 Misc. 1004, affd. 261 App. Div. 879). That case is distinguishable from the claim at bar. There a State employee made claim against the State for payment for alleged overtime work, under section 168 of the Labor Law. He failed to file his claim within the prescribed period, and moved for permission to file within two years of the accrual of his claim. The excuse he proffered was that he had conferred with the superintendent of the school at which he was employed and with two officers of the State Civil Service Employees Association, through which conversation he was led into believing that an adjustment would be made whereby he and 90 other employees would be compensated for overtime work. No adjustments and no payments were made. Some months later, claimant received authority from these fellow employees to engage an attorney, to whom all necessary material was submitted after the expiration of the six-month period, and who later made the motion for leave to file. The court allowed the filing on the grounds that the claimant was misled into believing that some adjustment would be made, through the efforts of his superior, and that claimant, as chairman of the Civil Service Association at the school, intended to make his case the precedent for the claims of all the other employees who were in similar situations and was *956 justified in awaiting the collection of necessary data. In the instant case, there is nothing to indicate that claimant was misled by the State. Further, at least as early as February, 1961, claimant was being represented by its attorneys.
Claimant would have this court consider, by way of comparison with the Court of Claims Act, the provisions of subdivision 5 of section 50-e of the General Municipal Law, with the object of showing that the filing of a notice of claim under that law is dispensed with in connection with claims against a municipality where settlement negotiations are pending. The section provides:
“ The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in section one of this section in the following cases' * * * (3) where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier.
11 Application for .such leave must be made within the period of one year after the happening of the event upon which the claim is based ”.
Even under the General Municipal Law, therefore, the settlement representations must be in writing and claimant’s reliance upon them must be justified.
Although the prior correspondence had reflected the State’s disclaimer of liability, claimant nevertheless chose to abide by an oral arrangement for a conference to discuss adjustment, the outcome of which, from the point of view of benefit to claimant, was at best doubtful. In so doing, claimant permitted the time within which the notice of intention should have been filed to expire. Actually, claimant waited six months beyond the expiration date for the conference to be held finally on October 17, 1962.
The court finds that claimant was unreasonably sanguine concerning the result of the later conference and has not otherwise presented a reasonable excuse for failure to file a notice of intention or claim by April 1, 1962. The motion is denied.