Milton Alperx, J.
This is a cross motion, filed March 13, 1968, for permission for late filing of a claim pursuant to the Court of Claims Act (§ 10, subd. 5). Briefly, the facts as submitted to the court in claimants’ application are that the State entered upon claimants’ property without permission to make borings during the early portion of the summer of 1966 and that during the course of such work many pepper plants were directly destroyed while others suffered damage which resulted in the harvesting of a reduced crop in the fall of 1966.
Thus, the claim is one in tort to which the 90-day filing requirement of Court of Claims Act (§ 10, subd. 3) is applicable. For the purposes hereof, a cause of action might be considered to have arisen with respect to the destruction in the early summer of 1966 and, for the reduced crop, in the fall of 1966 when the extent of the reduction could be ascertained.
Claimants did not file any notice of intention; an actual claim was filed the following summer on August 11, 1967. On motion of the Attorney-General, such claim was dismissed by the court on March 19, 1968 because it was not timely filed.
Claimants made the instant cross motion on March 13, 1968, on which argument also was heard on March 19, 1968. The court deferred decision on the cross motion to give the claimants an opportunity to develop a factual basis upon which the court might find a determination of reasonable excuse for the granting of the application. At that time, the court called *833 attention to McMahon v. State of New York (173 Misc. 1004) as indicating that if negotiations had continued to a short time before the application for late filing was made, that possibly such application could be granted. The court’s determination then provided for a further hearing, which the claimants’ attorney recently informed the court would not produce any further facts than are contained in the transcript of an examination before trial conducted on March 25,1968, which transcript was recently made available to the court.
Claimants in their papers placed primary reliance to justify the granting of permission for late filing on their claim that there were negotiations between the claimants and representatives of the State concerning compensation for the damages caused by the State and it was for this reason that a claim was not timely filed.
Based on the information in claimants’ papers and in the examination before trial, the first contact by the State with the claimants was on June 20, 1966 and the last date of contact with respect to negotiations was on November 7, 1966. The next significant event, the filing of claimants’ claim, was on August 11, 1967, some nine months after the November 7, 1966 date. As stated above, it was not until March 13, 1968 that claimants filed their notice of cross motion asking for permission for late filing; however, a copy of a proposed claim was not attached to such notice of cross motion.
Thus, the facts which the court must deem to be true for the purposes of this cross motion are that, after the alleged tortious action by the State, there were negotiations which ended on November 7, 1966, that claimants did not file a claim until August 11, 1967, and that claimants ’ application for permission for late filing was filed on March 13,1968.
After a study of Rugg v. State of New York (278 App. Div. 216); Penn No. 5, Inc., v. State of New York (205 Misc. 18); McMahon v. State of New York (supra); Davis v. State of New York (28 A D 2d 609), and Crane v. State of New York (29 A D 2d 1001), the court has concluded that the facts here do not bring this matter within the reasoning and decision in McMahon and that the reasoning and decisions in Davis and Crane (which are more recent than those in Rugg and Penn No. 5, Inc.) should be followed here.
Although the court finds the State had actual knowledge of the facts constituting the claim and believes that the State would not be prejudiced if the application were granted, the court has come to the conclusion that it would be an improvident exercise of judicial discretion to grant claimants’ application *834 for late filing, because reasonable excuse has not been shown to justify the delay in filing a claim or in applying for permission to file a claim between the period of November, 1966 to August, 1967 and from August, 1967 to March 13, 1968. Furthermore, since a proposed claim did not accompany the application for permission for late filing, as required by the Court of Claims Act (§ 10, subd. 5), a jurisdictional requirement has not been met for the granting of such permission (Davis v. State of New York, supra and Crane v. State of New York, supra).
The cross motion for permission for late filing is hereby denied.