John P. Gualtieri, J.
This is a motion for an order to permit the late filing of a claim pursuant to the provision of subdivision 5 of section 10 of the Court of Claims Act.
The movant is the wife of James Smith Wear, claimant in Claim No. 48405 filed in the office of the Clerk of the Court of *486 Claims on July 19, 1967. The claim she seeks to file is for loss of consortium, a separate cause of action created by a recent decision of the Court of Appeals.
The gravamen of the husband’s claim is the alleged malpractice of a State agency, the State University Hospital and Upstate Medical Center. It alleges that he was improperly and negligently operated upon and treated during his confinement in the State University Hospital between July 2 and September 21,1966, on which latter date he was discharged.
The moving papers and affidavits submitted by both sides in connection with the motion indicate that although the husband, James Smith Wear, was initially discharged on September 21,1966, he continued to see staff physicians at the hospital in connection with voice and speech difficulties. Subsequently the hospital referred Mr. Wear to a specialist, an otolaryngologist by the name of Dr. David Brewer, who incidentally is also an attending staff physician of the University Hospital in private practice. Dr. Brewer arranged for the husband to return to the State University Hospital on December 23, 1966, for examination and a speech evaluation. Following this, according to the State’s own affidavits, speech therapy treatments were administered to the husband through March 8, 1967 at the very State University Hospital in which the husband was treated and operated upon at the very beginning.
It is urged on behalf of the State in opposition to the motion that, because the husband, James Smith Wear, was initially discharged on September 21, 1966, that the two-year statutory period provided for in section 10 of the Court of Claims Act had expired. The present motion is dated October 15, 1968 and it is claimed that the court is without jurisdicition to give the claimant any relief.
This raises the factual question on the affidavits before the court as to whether or not there was a continuous course of treatment of Mr. Wear extending beyond September 21, 1966, the date of the original discharge.
In malpractice cases the -continuous treatment doctrine is applied in determining time limitations. A claimant in an ordinary tort case must file his claim within 90 days of the commission of the alleged tort and a motion for late filing must be made within two years from that date. In a malpractice case such as this, the court may entertain the motion within two years of the date of the last treatment, providing the treatment and care are continuous and related to the original injury.
The subject was thoroughly discussed by Chief Judge Desmond in Borgia v. City of New York (12 N Y 2d 151, 155) *487 where he said: “We hold that at least when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint the ‘ accrual ’ comes only at the end of the treatment.”
On the facts disclosed here the treatment of the husband extended into March of 1967 and the motion is therefore timely made.
It is urged on behalf of the State that, this being a derivative action having as its source the injuries and damages inflicted upon movant’s husband, that she is bound by the allegations contained in the husband’s claim. The husband filed a notice of intention to file a claim in the office of the Clerk on December 21, 1966. It set forth that the treatment by the defendant extended from July 2, 1966 to September 21, 1966. The State contends that, in view of this allegation, the wife whose claim is derived from that of her husband cannot now predicate her cause of action on anything that occurred subsequent to the date relied upon by her husband, namely, September 21, 1966.
The court rejects this argument. When the husband filed his notice of intention, the treatments which he received in the hospital in January, February and March of 1967 resulting from the original injury inflicted upon him had obviously not taken place and could not be alleged. While a wife’s action is derivative and has as its source the claim of the husband, she has a right to allege all of the physical facts and circumstances at the time she seeks to assert her rights in her separate cause of action. When she made her motion for permission to file this claim the facts available to her upon investigation disclosed the treatments continuing into 1967 and her separate claim must be considered upon the basis of the facts now before the court, not the facts and dates pertaining to the husband’s claim at the time he filed his notice of intention.
To be successful in a motion of this kind the movant must offer some reasonable excuse for his or her failure to file within the required 90-day period. It was not until July of 1968 that the Court of Appeals handed down its decision in Millington v. Southeastern Elevator Co. (22 N Y 2d 498) which enunciated the rule that a wife has a separate and distinct cause of action for her loss of consortium. The motion was made within a reasonable time thereafter. (Matter of Gross v. State of New York, 9 A D 2d 594; Hall v. State of New York, 28 A D 2d 1034.)
The State cannot claim surprise or that it has been prejudiced. The husband’s claim which is pending and which was timely *488 filed has put the State on notice of all the facts and circumstances surrounding the principal cause of action, the claim of malpractice at the University Hospital, which the State has had ample opportunity to investigate and prepare to meet. (Marriott v. State of New York, 196 Misc. 454; McMahon v. State of New York, 173 Misc. 1004, affd. 261 App. Div. 879.)
The motion is granted, the order to provide that the claim shall be filed within 20 days from the filing of the order herein in the office of the Clerk of the Court of Claims.