CLAYTON A. RUGG, JR., Respondent, *v.* STATE OF NEW YORK, Appellant. (Motion No. 1654.)

Argued November 21, 1951; decided December 6, 1951.

*Nathaniel L. Goldstein, Attorney-General* (*Ronald E. Coleman* and *Wendell P. Brown* of counsel), for appellant. I. The Appellate Division did not have the power to consider claimant's application *de novo*. (*Scully* v. *State of New York,* 275 App. Div. 1016; *Travelers Fire Ins. Co.* v. *State of New York,* 275 App. Div. 737; *Schroeder* v. *State of New York,* 252 App. Div. 16, 276 N. Y. 627; *Webster* v. *State of New York,* 257 App. Div. 902; N. Y. Const., art. VI, § 23; *Matter of English,* 275 App. Div. 148, 300 N. Y. 644; *Waldo* v. *Schmidt,* 200 N. Y. 199; *Sherlock* v. *Manwaren,* 208 App. Div. 538.) II. Claimant's affidavit fell short of the statutory requirements of subdivision 5 of section 10 of the Court of Claims Act. (*Robison* v. *State of New York,* 263 App. Div. 240; *Apropo* v. *State of New York,* 161 Misc. 142, 252 App. Div. 803; *Baxter* v. *State of New York,* 189 Misc. 525, 273 App. Div. 839; *Chergotis* v. *State of New York,* 259 App. Div. 369; *Schroeder* v. *State of New York,* 252 App. Div. 16, 276 N. Y. 627.)

*Ernest B. Morris* and *Harold W. Katz* for respondent. I. The Appellate Division had power to make the order appealed from. (*Pietraroia* v. *New Jersey & H. R. Ry. & F. Co.,* 197 N. Y. 434; *Hanover Fire Ins. Co.* v. *Tomlinson,* 58 N. Y. 215; *Toof* v. *State of New York,* 286 N. Y. 620.) II. Claimant's affidavit fully satisfied all the statutory requirements. (*McMahon* v. *State of New York,* 173 Misc. 1004.)

*Per Curiam.* The order appealed from is a nonunanimous reversal of a final order in a special proceeding and so no leave to appeal or certified question was necessary (see *Skakandy* v. *State of New York,* 298 N. Y. 886; *Natoli* v. *Board of Educ. of City of Norwich,* 303 N. Y. 646). It cannot be said as matter of law that the allegations of the moving affidavit do not comply with subdivision 5 of section 10 of the Court of Claims Act, and, therefore, the matter of granting or denying the application was a discretionary one. The Appellate Division had full power to review the exercise of discretion in this respect by the Court

of Claims, and thus had jurisdiction to reverse the Court of Claims' order on questions of discretion, that is, of fact, but could not reverse the Court of Claims on the law. Since the Appellate Division's order of reversal does not state whether its determination was upon the law or upon the facts, or upon the law and the facts, we are commanded by section 602 of the Civil Practice Act to " presume that the questions of fact were not considered by the appellate division ", and section 606 of the Civil Practice Act requires us to remit the matter to the Appellate Division for determination on the question of fact, that is, the question of discretion.

The order should be reversed, without costs, and the matter remitted to the Appellate Division pursuant to section 606 of the Civil Practice Act for determination of the questions of fact. The question certified is not answered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.