GEORGE R. LAWRENCE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30860.)—Appeal from judgment of the Court of Claims in favor of the claimant. The State also appeals from an order allowing the late filing of the claim. The claimant was driving an automobile in a southerly direction from Norwood to Potsdam on Route No. 56. The automobile struck a hole in the highway pavement about twenty feet south of New York Central Railroad crossing and the automobile was thrown to the claimant's left where it collided with a north-bound vehicle. State employees engaged in reconstructing and resurfacing the road had created the hole by removing an old railroad tie which had been embedded in the roadway. The hole was about eighteen inches wide and about one foot deep. It was filled with gravel or other loose material from time to time but passing automobiles threw this material out of the hole. There were signs indicating that the road was under construction in the outskirts of each of the two villages, two or three miles from the scene of the accident, but there was no sign of any kind near the hole warning of the special danger. There was some controversy upon the trial as to the exact location of the hole, the claimant's witnesses being of the opinion that the hole was two feet west of the center line of the highway, while the State's employees were sure that it was only two feet east of the west edge of the highway. At the conclusion of the trial, the court granted the claimant's motion to amend the claim to conform to the proof with respect to the location of the hole. It does not seem to us that the precise location of the hole is material upon this appeal; it is sufficient that it was somewhere between the center line and the westerly edge of the highway, on the right hand side of the road in the path of the claimant's automobile. The decision of the Court of Claims in finding that the State was negligent and the claimant was free from contributory negligence was in accord with the weight of the evidence. The order allowing the late filing was based upon affidavits stating facts which the Court of Claims, in the exercise of its discretion, had the right to find ade-

quately excused the failure to file the claim in time. It appears, that upon the oral argument of the motion for leave to file the claim, additional facts not contained in the original affidavits were brought to the court's attention. The court permitted the filing of supplemental affidavits setting forth those facts and indicated that upon the filing of the supplemental affidavits the motion would be granted. The order granting the motion was entered after the supplemental affidavits had been filed. We find no abuse in the court's exercise of its discretion. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [200 Misc. 1119.]