HOWARD F. BUFFINGTON, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2358.)

Court of Claims, May 1, 1953.

*William B. Mangin* for claimant.

*Nathaniel L. Goldstein, Attorney-General (David V. Seaman* of counsel), for defendant.

MAJOR, J.  This is a motion for permission to file a late claim against the State of New York, pursuant to subdivision 5 of section 10 of the Court of Claims Act.  The claim is for alleged damages incurred on what is commonly known as " Town Line Road " in the Town of Dewitt, County of Onondaga, and alleges that such damages were caused by the negligence of the State in permitting the construction of the road in the manner in which it was constructed, and that said State was negligent in the construction and maintenance of the shoulder and of the road itself.

It is conceded that said road was originally a town road which was reconstructed as a Federal project pursuant to chapter 423 of the Laws of 1942, by or under the control of the State.

The State, among other things, maintains that it is not responsible for accidents occurring on Town Line Road, and objects to the granting of this motion on the grounds that section 4 of said chapter 423 of the Laws of 1942, provides that the maintenance shall be the responsibility of the town.

It is conceded that upon the completion of the highway no notice or certificate of turning back of such road to the town or towns involved was ever given by the State of New York, and that upon taking over such highway for the new construction, the State appropriated other and additional lands in its own name for the purpose of straightening or changing the course of the highway.  The title to such land has never been turned over to the town, and it is upon this piece of land that the accident is alleged to have occurred.  The State has taken no action or formality in giving the towns notice of any returning or turning back of such road to the towns.

For the purposes of this motion, the court must assume that the facts alleged in the claim are true, and must accept the concessions and stipulations of the respective attorneys made at the hearing of this motion, in making its decision.  No testimony was offered or taken on this motion.

Under such circumstances, it appears that the claimant has a cause of action against the State of New York, subject to reconsideration at the time of the trial, and the reception of testimony on the points raised.  The question pertains chiefly to maintenance, but the claim also alleges negligence in the construction which was solely under the supervision of the State.

Because of the uncertain liability in this case, claimant's attorneys sued both towns involved, and interviewed members of the New York State Department of Public Works, Engineering Division, and visited the office of the New York State Department of Public Works in Albany, in an effort to ascertain the responsibility for the maintenance of this road. The State representatives interviewed were unable to enlighten the claimant's attorneys, but, in any event, had verbal notice of the conditions connected with this claim and had ample opportunity to make a timely investigation. The State has not been prejudiced by the delay. (*Farnham* v. *State of New York,* 195 Misc. 380.)

This motion is made within the two-year statutory period, and the claimant has shown a reasonable excuse for his failure to file notice of intention, and the State, or its appropriate department, had actual knowledge or the essential facts constituting the claim prior to the expiration of the time limited for the filing of the notice of intention. Claimant is entitled to have his claim presented to a trial tribunal for complete determination.

Permission is, therefore, granted to claimant to file the claim attached to the motion papers herein with the clerk of this court and as provided in section 11 of the Court of Claims Act, within thirty days from the date of the entry of order herein.

Submit order.