Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles. The petitioner’s operator’s license has been revoked, in pursuance of section 71-a of the Vehicle and Traffic Law by the respondent Commissioner of Motor Vehicles for failing to consent to a chemical blood test after having been arrested on a charge of driving a motor vehicle while intoxicated. There is adequate proof in the record of intoxication while driving to justify finding that the statutory conditions have been met under which a blood test may be required, i.e., that the police officer have “ reasonable grounds to believe such a person to have been driving in an intoxicated condition”. The arresting officer testified that petitioner when arrested was loud in his speech, was incoherent, staggered and his breath smelled of alcohol. In the police officer’s judgment, the petitioner was then intoxicated. The police officer testified petitioner told him he had had five or six drinks of whiskey. Petitioner contends that he had had some dental work *932 done and that lie was feeling the effects of this work and the novocaine administered and was not intoxicated. There is dear and direct proof of his refusal to take a blood test. The arresting officer testified that “he refused to take the test ”. There is proof by the arresting officer and by another officer that petitioner again refused to take the test when he was arraigned before the Police Justice. The Justice himself was not called as a witness at the hearing, although the hearing officer indicated that he would be called. But the proof of petitioner’s intoxication and refusal to take the test is adequate without the testimony of the Police Justice, and the petitioner who now complains that the Justice was not called as a witness does not suggest that if called his testimony would differ from the two police officers who were present before the Justice and who testified. Indeed, the proof of refusal was sufficient, if accepted by the commissioner, without dependence on the further refusal to take the test established before the Police Justice. There is on the whole record sufficient evidence to sustain the essential findings required to meet the statutory test. There is strong proof of sufficient evidence of intoxication, supported in some measure by petitioner’s own testimony, to justify the “reasonable grounds for belief ” on which the prerequisite conditions of the statute rest. Determination confirmed, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.