RITA STABILE, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. M-4477.) — Appeal from an order of the Court of Claims. Claimant alleges that on July 29, 1956 she was injured while roller skating in a State park. A claim was not filed within 90 days of accrual of the action (Court of Claims Act, § 10, subd. 3), and a motion for permission for late filing within the permissive authorization of subdivision 5 of section 10 has been denied by the Court of Claims. Motion for permission to file the claim was made October 21, 1957, about 15 months after the accident, and six months after the elapse of the time set up in subdivision 5. The test provided by this subdivision is not a physical or mental inability to file the claim; but rather a "reasonable excuse" for not filing it on time. (Compare General Municipal Law, § 50-e; e.g. *Bloom* v. *State of New York,* 5 A D 2d 930; *Matter of Osborn* v. *Board of Educ.,* 5 A D 2d 929.) Although claimant does not show an excuse based on a complete physical disability; or an excuse based on an entirely unavoidable condition or circumstance, she does meet the test of reasonableness in showing why the claim

was not filed earlier. She suffered a concussion of the brain, low back sprain and contusions; and her physician said that she had severe dizziness and frequent blackouts and lapses of memory. She was hospitalized twice. Her doctor swears that she asked him about consulting a lawyer several times in 1956 and he advised she postpone this because in his opinion it would aggravate her condition. The State claims prejudice; but it shows no report of the accident, although claimant presented proof that it was immediately reported to an official in charge of the skating area. The delay of six months beyond the nine-month period has not, in these circumstances, been shown to have prejudiced the State. On the general judicial policy on this subject, see *Bloom* v. *State of New York* (5 A D 2d 930, *supra*); *Rugg* v. *State of New York* (278 App. Div. 216, revd. 303 N. Y. 361; reconsidered 279 App. Div. 810); and *Lawrence* v. *State of New York* (281 App. Div. 922). Order reversed on the law and the facts and in the exercise of discretion; and motion granted, with $10 costs. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., dissents, and votes to affirm.