Charles T. Major, J.
This is a motion made by Caroline A. Thomas, mother and guardian ad litem of Lawrence Hawley, and joined by Lawrence Hawley, for an order permitting claimant to file a late claim, pursuant to section 10 of the Court of Claims Act.
Lawrence Hawley, who is now 26 years of age, was injured on September 23, 1959 while he was employed on a farm owned by Robert Thompson of R. D., Pennellville, New York, as a farmer’s helper. It is alleged that at about 11:45 a.m. on the day of the accident, Lawrence Hawley was advised by Robert Thompson and/or his agents on said farm, to take a pipe, which had been attached to a tractor and blower on the ground, to the top of a 40-foo,t silo, and to place the pipe over the edge of the silo, so that certain material could be blown in through the pipe from the tractor and blower into the silo. In obedience to such instructions, he climbed to the top of the silo and while standing on a board, platform or scaffold located about 2% feet below the top edge of the silo, and attempting to place the *151 pipe into the silo, the board or platform collapsed, causing Lawrence Hawley to be thrown about 40 feet to the ground.
On April 4, 1947 Lawrence Hawley was certified to the Syracuse State School, an institution for mental defectives, by order of Honorable Leo J. Yehle, Judge of Children’s Court of Onondaga County (Mental Hygiene Law, § 120). He became an inmate of said school on April 9, 1947, and was still a resident and inmate thereof at the time this motion was made, but was living with his mother with the permission of the officers of the school. It is alleged that the employment of Lawrence Hawley was by contract between Robert Thompson and the Syracuse State School. The proposed claim herein alleges a cause of action based on negligence, against the State, as a result of which the claimant suffered injuries to his spine and both legs.
Caroline A. Thomas was appointed guardian ad litem of her son, Lawrence Hawley, by order of the Supreme Court of the State of New York, dated December 19, 1960. On the argument of this motion, the State raised the question as to the propriety of a guardian prosecuting this claim, and suggested the appointment of a committee for such purpose. Lawrence Hawley was never declared an incompetent person and in need of a committee. He was certified as a mental defective and a person of unsound mind. The appointment of a guardian ad litem for a mentally defective person over the age of 21 years, where no committee was appointed, is proper procedure. (Matter of Lugo, 10 Misc 2d 576, revd. 8 A D 2d 877, affd. 7 N Y 2d 939.)
Although the Supreme Court has general jurisdiction of the person and property of infants and incompetents or mentally unsound persons, it seems that the better practice to follow would be strict compliance with the statute and rules, which call for application to a Judge of the Court of Claims for the appointment of a guardian ad litem, who intends to prosecute a cause of action in this court. (Civ. Prac. Act, § 202 ; Rules of Court of Claims, rule 22 ; Torrey v. State of New York, 175 Misc. 259.)
It clearly appears that Lawrence Hawley was and is a person of unsound mind and actually an inmate of an institution for mental defectives, which is a legal disability and a valid reason to permit the filing of a claim as required by the Court of Claims Act. (Court of Claims Act, § 10, subd. 5 ; Lee v. State of New York, 187 Misc. 268.) The facts stated in the motion for leave to file a claim against the State, when not denied or contradicted in opposing affidavits, are deemed to be true for the purpose of such motion. (Arias v. State of New York, 166 Misc. 164.)
The moving papers and supplemental affidavits show a reasonable excuse for the failure to timely file a claim; and, prior to *152 the expiration of the time limited for the filing of the notice of intention to file a claim, the State or its appropriate department had actual knowledge of the essential facts constituting the claim, and the State has not been prejudiced by claimant’s failure to file such notice of intention within the statutory time limit.
The motion for an order to permit the filing of a claim herein is granted on condition that the claimant make application for the appointment of a guardian ad litem in the Court of Claims for the purpose of filing this claim; and that the claim be filed as provided by law within 30 days from the date of entry of the order herein in the office of the Clerk of the Court of Claims.