Bernard Ryan, P. J.
The claimant, Tomlinson Construction Co. Ltd., entered into a contract with the New York State Thruway Authority to furnish work, labor and materials for the construction of a portion of the Niagara section of the Thruway which crosses Grand Island. The proposal and the contract included seven grade separations or bridges to take the Thruway over existing public highways. It required the driving of cast-in-place concrete piles for the support of the abutments and piers. Great Lake Dredge & Dock Company became claimant’s approved subcontractor for the work of furnishing and driving the cast-in-place concrete piles, the bar reinforcing of structures and the placing of concrete. It prepared its bid on the basis of the information and representations contained in the proposal offered by the Thruway Authority to bidders.
*1011 When Great Lakes started driving the approved monotuhe piles, it ran into trouble; heavy resistance was encountered and resulted in the crushing of the tops of the piles. The work was suspended to give the Thruway’s engineers time for consideration of substitute methods of its performance. Various suggestions and counter suggestions were made. Ultimately, the claimant was given the choice of four alternate methods. Only one of these, viz. augering, was feasible in the situation with which claimant was confronted.
Claimant sues for losses sustained by its subcontractor and in turn by claimant due to the delays and the extra costs of performing the work. In separate findings of fact which are filed herewith, we find with the claimant on the facts. We apply such well-known cases as Faber v. City of New York (222 N. Y. 255 [1918]); Foundation Co. v. State of New York (233 N. Y. 177 [1922]) and Young Fehlhaber Pile Co. v. State of New York (265 App. Div. 61 [1942]) to hold the Thruway Authority liable for breach of its contract.
However, after perusal of the testimony we have come to the conclusion that claimant is not entitled to recover the full sum of $96,614.48 demanded because the proof does not sustain certain of the items. We believe that the testimony presented and the facts found in the accompanying decision justify an award of $72,000, with appropriate interest
Claimant has already been paid $176,627.58 which was admitted to be due to it upon the final estimate of the contract work. This payment was made July 1,1958 pursuant to an order of severance and a judgment of this court entered thereupon. The direction of this court at that time reserved for present determination the question of claimant’s right to interest upon the sum then awarded. Claimant is entitled to recover the interest computed at $9,734.14. (Rusciano & Sons Corp. v. State of New York (201 Misc. 690 [1952], affd. 281 App. Div. 733.)
We note a curious situation which confronts us. The claim as filed named in the caption thereof both the State of New York and the New York State Thruway Authority as defendants. The pleading alleged and the requests to find submitted to us by the Attorney-General, and by the claimant as well, ask us to find that the contract was entered into with the State of New York and the New York State Thruway Authority. We are unable to find in the contract document any indication of the participation of the State of New York as a party. It is true that the officers and employees of the State’s Department of Public Works engaged in the explorations of the site and in the preparation of the design and plans. That was in accordance with usual *1012 practice where Thruway construction has been involved. But that does not make the State of New York a party to a contract formally made and entered into only by that separate entity which is the Thruway Authority. (Easley v. New York State Thruway Auth., 1 N Y 2d 374 [1956].)
This is not the first instance of mistaken identity of the party defendant. (See Tomlinson Constr. Co. v. State of New York, 26 Misc 2d 488, appeal dismissed 14 A D 2d 711; see, also, McNeil Contr. Corp. v. State of New York, Claim No. 34148, transcript of proceedings of February 27, 1961, not published.) Decision on appeal from Motion No. 4188 to dismiss on grounds other than mistake of proper party defendant, reported in McNeil Contr. Corp. v. State of New York (6 A D 2d 952 [1958].)
It is likely that in the lay mind the Thruway is regarded as being owned and operated by the State of New York and its management an arm of the State. But the Thruway Authority has been given a distinct legal status which ought not to escape the attention of practitioners in this court, whether they be prosecuting or defending a claim. We call attention to the foregoing in the hope of clarifying a confused situation and as a caveat against future misunderstanding. In this ease, we dismiss the claim against the State of New York while awarding damages against the Thruway Authority.