■ RUSSELL CRANE et al., Respondents, v. STATE OF NEW YORK, Appellant. (Motion No. 9791.) — REYNOLDS, J. Appeal by the State from an order of the Court of Claims granting claimants' motion for permission to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. Claimant Alice Crane seeks to recover for personal injuries sustained on August 27, 1966 when she fell allegedly due to the negligent construction and maintenance by the State of a stone walk and platform used by persons alighting from boats at a boat landing site on Canadarago Lake. Her husband seeks damages for medical expenses and loss of his wife's services and wages. Admittedly, no notice of intention was filed within the 90-day period prescribed by subdivision 3 of section 10 of the Court of Claims Act. Subdivision 5 of section 10 allows the Court of Claims to permit a late filing when the State has not been "substantially prejudiced" if the claimant shows a reasonable excuse for the failure to file within the 90-day period; the State had actual knowledge of the facts which form the basis of the claim, and certain information required by section 11 accompanies the request. These requirements must be strictly

construed because the question of timeliness of filing is jurisdictional (*Bleeck* v. *State of New York,* 184 Misc. 138). Moreover the requirements of subdivision 5 are set out in conjunctive form and thus a failure to satisfy any of these requirements is fatal (see *Schroeder* v. *State of New York,* 252 App. Div. 16, affd. 276 N. Y. 627; *Williams* v. *State of New York,* 21 A D 2d 844). Here there is no dispute that the requirement as to the submission of the information required by section 11 has been complied with. However, we can find absolutely no showing " that the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, *actual knowledge of the essential facts constituting the claim.*" (Emphasis added.) (Court of Claims Act, § 10, subd. 5.) It is clearly improper to assume such *actual knowledge* from the fact that the State owned and maintained the facility. Such a position would emasculate the clear language of the statute. Maintenance of a facility cannot of itself be deemed knowledge of the essential facts constituting a claim for personal injuries sustained on said facility. *Matter of Synesael* v. *State of New York* (21 Misc 2d 234) is clearly inapposite here. In *Synesael* the State's own affidavit supplied the requisite knowledge of the condition involved. Such is unquestionably not the case here. Moreover, the brief affidavit submitted by the claimants does not in our opinion present a reasonable excuse of the delay in filing. Claimants assert in effect that because the claimant wife was in a wheel chair over 50 days and thereafter " found it difficult to go out " a timely filing was excused. However, there is no assertion that she was bed-ridden, confined to the hospital, in severe pain or under continuous treatment with strong drugs and thus cases such as *Stabile* v. *State of New York* (12 A D 2d 698) or *Bloom* v. *State of New York* (5 A D 2d 930) are clearly distinguishable. Rather it is evident from their own affidavit that the real cause of delay in filing was that claimants were unaware of the filing requirements and this it is well established is not a reasonable excuse (*Landry* v. *State of New York,* 1 A D 2d 934, affd. 2 N Y 2d 927). If the claimants could contact an attorney by telephone shortly after the 90-day period had expired, there is no reason presented here why a phone call could not have been made well within the period. Claimant wife's restricted ability to walk did not, of course, restrict her ability to use the phone. Finally, the fact that it has not been established that the State was acually prejudiced by the delay is not controlling. While prejudice to the State precludes granting relief pursuant to subdivision 5 of section 10, nonprejudice does not permit a waiver of the necessary prerequisites (*Landry* v. *State of New York, supra,* p. 935). Order reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Reynolds, J.