■ MODERN TRANSFER CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. M-12692.) — Order unanimously reversed, without costs, and motion denied. Memorandum: Claimant is an interstate carrier. On November 12, 1968 one of its trucks was involved in an accident on the New York State Thruway. On May 5, 1970, more than 17 months after the accident, this motion for permission to file a late claim was made upon an affidavit by a director of plaintiff alleging that he was a resident of the State of Pennsylvania and as such was not acquainted with the laws of the State of New York in regard to notification of intent to file claims against the State. It is well established that ignorance of the filing requirement is not a "reasonable excuse" for failure to file timely claim (*Boland* v. *State of New York*, 35 A D 2d 855; *Landry* v. *State of New York*, 1 A D 2d 934, affd. 2 N Y 2d 927; *Havill* v. *State of New York*, 284 App. Div. 932). Claimant also suggests that it did not file a timely claim because it believed that the claim was being considered by the State's insurance carrier in good faith. However, nothing had been done by the insurer and it had not even been in communication with claimant during the 90-day filing period. In this circumstance, reliance on a probability of settlement is not available as a reasonable excuse for not filing. Furthermore, since all of section 10 of the Court of Claims Act is jurisdictional in character, particularly the timeliness of filing, the provisions must be strictly construed (*Bommarito* v. *State of New York*, 35 A D 2d 458). (Appeal from order of Court of Claims,

granting motion to file claim.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.