SALVATORE VISCONTI, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, September 26, 1974.

*Theodore M. Wolkof* of counsel (*Ash & Miller,* attorneys), for appellant.

*Francis F. Caputo* of counsel (*L. Kevin Sheridan* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for respondent.

STEUER, J. Plaintiff moves to strike the separate defense that plaintiff's action is barred by failure to file a timely notice of claim, and also seeks leave to serve a notice of claim *nunc pro tunc.* The complaint sets out two causes of action. The first seeks damages for an assault. The complaint alleges that on October 11, 1969, while plaintiff was an incarcerated prisoner in the Manhattan House of Detention following a plea of guilty to a felony indictment, he was assaulted by two other prisoners and that the defendant negligently failed to provide protection. The second cause of action alleges that plaintiff was wrongfully held in solitary confinement from October 17, 1969, to June 1, 1970.

Plaintiff was released on parole on December 9, 1971. On March 6, 1972, he served a notice of claim. Suit was started on December 5, 1972. Special Term denied both claims to relief. We believe this ruling to be correct.

Concededly the notice of claim was not served within 90 days of the accrual of either cause of action. Plaintiff claims that his time to serve the notice was extended until his release from prison because during his incarceration his civil right to sue was suspended. The filing of a notice of claim is not per se a civil right. It is a condition which must be complied with in order to bring suit against certain defendants (*Baronness* v. *State of New York,* 153 Misc. 212). A notice of claim filed by one whose right to sue is suspended is perfectly valid (*Federman* v. *State of New York,* 173 Misc. 830).

It follows that the notice of claim was not timely served. Upon the application to serve a new application, Special Term was also correct. We recognize that there are often difficulties

facing an incarcerated prisoner which might well support an application for a late filing. However, such an application cannot be entertained in this situation. Firstly, subdivision 5 of section 50-e of the General Municipal Law provides that an application to file a late notice must be made before the action is commenced (*Matter of Valente* v. *New York City Housing Auth.*, 201 Misc. 24). In addition, the section limits the time within which such an application must be made to one year. After that time, no matter what the disability under which the applicant is laboring, the courts have no power to grant relief (*Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach*, 301 N. Y. 233).

The order entered February 26, 1974, New York County (ROSENBERG, J.) should be affirmed, without costs.

McGIVERN, P. J., NUNEZ, LUPIANO and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on February 26, 1974, unanimously affirmed without costs and without disbursements.