■ ALBERT J. CARMEN, Respondent, v STATE OF NEW YORK, Appellant.—Appeal from an order of the Court of Claims, entered January 8, 1975, which granted claimant's motion for permission to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. Employed as a painter by E. W. Tompkins Company, claimant was seriously injured on February 19, 1974 when he fell from a ladder while working at the Empire State Plaza in Albany. On July 16, 1974, he filed a motion for permission to file a late claim, which was denied without prejudice because he failed to provide information sufficient for the court to rule on the reasonableness of his excuse for the delay in filing. Thereafter, on November 4, 1974, he

submitted his own supplemental affidavit and supporting affidavits from two doctors, and his motion for permission to file a late claim was thereupon granted. Pursuant to subdivision 5 of section 10 of the Court of Claims Act, permission to file a late claim may be granted only where, *inter alia,* claimant offers a reasonable excuse for his failure to timely file his claim and the State has actual knowledge of the essential facts constituting the claim within 90 days of its accrual. On this appeal, the State argues that these two requirements were not satisfied and, therefore, that claimant's motion should not have been granted. We disagree. With regard to claimant's excuse for his failure to timely file his claim, it is clear that the excuse need only be "reasonable" and it is not necessary that claimant establish his complete physical or mental inability to file on time *(Stabile v State of New York,* 12 AD2d 698). In this instance, claimant suffered bilateral fractures of both of his heels with additional damage to associated areas. His legs were placed in knee-high casts and he was hospitalized for approximately eight days. Thereafter, he progressed from being bedridden for a time to the use of a wheel chair and crutches, and it was not until the middle of July, 1974, some two months after the 90-day filing period had expired (Court of Claims Act, § 10, subd 3), that he was able to walk unaided. During this period, his doctors found it necessary to prescribe pain killers and tranquilizers to ease his discomfort, and he was further upset by the financial worries of being out of work and the uncertainty of his physical condition. In view of all these circumstances, the situation is clearly unlike that in *Crane v State of New York* (29 AD2d 1001) wherein the claim was dismissed, and we find that claimant had a reasonable excuse for failing to file on time (cf. *Bloom v State of New York,* 5 AD2d 930). Likewise, the State had the requisite knowledge of the essential facts constituting the claim. A full report of the accident was filed by an officer of the Capitol Police force, the nurse employed in the State Capitol treated claimant and made a record of the matter, and official records of the incident were filed with the Workmen's Compensation Board. Such being the case, the State had "abundant notice" to fulfill the statutory requirement *(Bloom v State of New York, supra,* p 931). Order affirmed, with costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.