Frank S. Rossetti, J.
The petitioner herein, Frank C. Peterson, Jr. (hereinafter “claimant”), seeks permission to file a time-barred claim under the discretion granted this court by subdivision 5 of section 10 of the Court of Claims Act.
The proposed claim, attached to the moving papers, is for damages arising from a fire on December 1, 1974 in a cell occupied by claimant while an inmate at the Eastern New York Correctional Facility. It is grounded in tort (negligence) and thus governed by subdivision 3 of section 10 of the Court of Claims Act. Subdivision 3 requires a claim or notice of intention to be filed within 90 days of the accrual of the action. If a notice of intention is filed, the claim may be filed anytime within two years after accrual. Claimant has failed to comply with the aforesaid statutory time limitations and, in effect, blames State prison officials for his failure to file a claim or notice of intention on or before March 1, 1975 (the 90th day after accrual).
Subdivision 5 of section 10 of the Court of Claims Act sets forth three requirements for permission to file a claim late. They are: (a) a reasonable excuse for failing to timely file; (b) actual knowledge by the State of the essential facts of the claim prior to the expiration of the filing period; and (c) no substantial prejudice to the State due to the failure to timely file. These requirements are conjunctive and each must be met before late filing will be permitted. (See De Marco v State of New York, 43 AD2d 786; Bommarito v State of New York, 35 AD2d 458.) They are also jurisdictional and thus must be strictly construed. (See De Marco v State of New York, supra; Bommarito v State of New York, supra.)
Here we find claimant has failed to show a reasonable excuse. The thrust of claimant’s arguments with respect thereto is that the prison officials failed to inform him of this court’s filing requirements and misled him as to the forms of relief available. He also maintains he was unable to get other legal advice because of his imprisonment.*
Claimant alleges that immediately after the subject fire, he told prison officials of his intention to seek recovery for his loss and "repeatedly asked them how to go about making a claim.” These requests for assistance resulted in Mr. Peterson *298 presenting an administrative "claim” on February 14, 1975. If submitted by the appropriate prison official and approved by the State Attorney-General, the State Comptroller was authorized to make payment under subdivision 12-a of section 8 of the State Finance Law. Sometime thereafter, this claim for payment was rejected by the prison official in charge of submitting claims to the Comptroller. Said official, "at the same time”, told claimant "he could not go to court for recovery because the Correctional Facility would deal with my claim as they saw fit.” The instant papers do not set forth the date of rejection and the prison official’s statement that claimant could not recover through a court action. However, on oral argument of this motion, claimant’s counsel represented this date to have been March 24, 1975, over three weeks beyond the 90-day filing period.
In its postmotion brief, the State, for the first time, objects to the vagueness of claimant’s affidavit. While more specifics would have been helpful, we believe sufficient facts were alleged to enable the State to refute claimant’s version of the facts. It has failed to do so and therefore, absent any denial or contradiction of claimant’s allegations, we must assume their veracity. (See Hawley v State of New York, 28 Misc 2d 150; Gielski v State of New York, 3 Misc 2d 578.)
Claimant’s proffered reasonable excuse apparently consists of two aspects: (a) a lack of knowledge of the 90-day filing requirement and (b) deception as to the proper procedure to follow. The lack of knowledge allegedly arose from the failure of prison officials to tell him of the 90-day requirement, despite his specific requests for information, and his difficulty in obtaining other legal advice due to his incarceration. The supposed deception is implicit in claimant being directed to the administrative procedure rather than court action, as well as the explicit statement that he could not go to court.
Generally, ignorance of the filing requirements is not a reasonable excuse. (See Modern Transfer Co. v State of New York, 37 AD2d 756.) Also, there is no duty imposed on a defendant to inform a would-be plaintiff that he has a lawsuit. (See De Vito v New York Cent. System, 22 AD2d 600.) We do not deem the relationship between an inmate at a prison and the officials thereof to be such as to require any exception to this rule. Here, of course, there was the additional fact of claimant requesting the information, but, absent deception (discussed infra), we see no reason why the State’s failure to *299 inform should be grounds for permitting late filing. The State should not be put in the position of having to counsel someone on how and when to sue it.
As to claimant’s additional argument that his incarceration restricted his ability to obtain legal advice, we note there is support for this position. (See McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 208:3, and 1973 Supplementary Practice Commentary, CPLR 208:3.) However, when the Legislature amended the Civil Rights Law to give prison inmates the right to sue while incarcerated (see Civil Rights Law, §§ 79, 79-a, as amd by L 1973, ch 687, §§ 1, 2), it also amended the CPLR to eliminate the statutory disability toll for imprisonment (see CPLR 208; L 1973, ch 687, § 3). In the face of such a clear indication of legislative intent, based presumptively on knowledge of the problems of commencing a lawsuit from prison, we think it proper for us to conclude the Legislature did not intend to afford an incarcerated individual any dispensation not presently available to an unconfined individual. Such was the law prior to the addition of the provision relating to disabilities in the 1939 restatement of the Court of Claims Act (i.e., present Court of Claims Act, § 10, subd 5 — cf. L 1939, ch 860 with L 1937, ch 515). (See Baronness v State of New York, 153 Misc 212; see, also, Pascucci v County of Nassau, 8 Misc 2d 229.) It is possible particular aggravating circumstances may warrant the exercise of the court’s discretion (see Visconti v City of New York, 45 AD2d 480, 481-482; Matter of Clair v City of Utica, 72 Misc 2d 547, 548), but such circumstances were not shown here (see Matter of Jones v City of New York, 12 Misc 2d 911). Claimant’s right to communicate with an attorney was not shown to have been interfered with (see Wilkinson v Skinner, 34 NY2d 53, 61).
As to the alleged deception, we find the advice to submit an administrative claim under the State Finance Law was not deceptive. Apparently this was the recognized machinery for the adjustment of inmates’ property damage claims and nowhere does claimant assert any assurances of payment under this procedure. Consistent with our above finding that the State had no duty to inform claimant of the filing requirements for court action, we do not believe the State’s advice with respect to an administrative remedy gave rise to any duty to advise claimant of alternative legal or other remedies. The moving papers fall far short of showing that prison *300 officials did anything affirmative to delay claimant’s suit (beyond the 90 days) or that they affirmatively concealed from claimant this court’s filing requirements (see, generally, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 201:6; 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.13).
As to the explicit statement by a prison official that claimant could not go to court for recovery, such a statement could be deemed a material misrepresentation sufficient for estoppel purposes. Notwithstanding, it has been held the mere expression of an erroneous opinion on a matter of law raises no estoppel relative to statute of limitation defenses, even when done by State lawyers. (See Parsons v Department of Transp. of State of N.Y., 74 Misc 2d 828; see, also, New York City Employees’ Retirement System v Eliot, 267 NY 193; City of New York v Coney Is. Fire Dept. 170 Misc 787, affd 259 App Div 286, affd 285 NY 535; 21 NY Jur, Estoppel, § 84; but see Glus v Brooklyn Eastern Term, 359 US 231, 235; Hoffman v City of Syracuse, 2 NY2d 484; dissenting opn. in London v Hammel, 32 AD2d 639, 640, revd on other grounds 27 NY2d 630.) In any event, a reasonable excuse has reference to the 90-day statutory filing period (see Bloom v State of New York, 5 AD2d 930; Rugg v State of New York, 278 App Div 216, revd on other grounds 303 NY 361, on remittitur 279 App Div 810). Thus, for deception or estoppel based on an alleged misrepresentation, it must be shown such misrepresentation was made and relied upon within said period. Here the subject statement was made after the expiration of said period and hence cannot supply the basis for a reasonable excuse.
In the final analysis, the essential reason for claimant’s failure to timely file was ignorance of the law — i.e., he admits he “had no knowledge of the need to file a notice of intention with the Court” and his “first knowledge of the [90-day filing] requirement was gained after the 90 day period.” As noted above, the appellate courts of this State have consistently held such ignorance does not constitute a reasonable excuse within the meaning of subdivision 5 of section 10 of the Court of Claims Act.
Accordingly, on all the facts herein presented, the court is constrained to deny claimant’s motion in its entirety.

 The instant application was not initiated until September 17, 1975, more than nine months after the fire and over six months after the expiration of the 90-day statutory filing period. The apparent reason for this delay was claimant’s continuing imprisonment and his consequent difficulties in obtaining legal counsel.