Frank S. Rossetti, J.
On March 27, 1976, petitioner Luzella Woodley sustained severe injuries after being struck by an automobile owned by the State and driven by an employee thereof. She thus had until June 25, 1976 to file a claim or notice of intention (Court of Claims Act, § 10, subd 3), but failed to do either. Petitioners now move for permission to file a claim out of time pursuant to section 10 of the Court of Claims Act.
The relevant provisions of said section were recently amended (L 1976, ch 280, eff Sept. 1, 1976) and are now found in subdivision 6.* Previously, even though permission to late *891 file was addressed to the court’s discretion, three mandatory requirements all had to be met before such discretion could be exercised. (See De Marco v State of New York, 43 AD2d 786, 787, affd 37 NY2d 735.) The new subdivision 6 requires only that the court "consider” certain factors, among others. We believe this change in language evinces an intent to grant this court wider discretion and, in the proper case, to permit a late filing where less than all of said factors favor same. Our interpretation is supported by the legislative history of the amendment which indicates its purpose is to provide greater, and not merely more uniform, access to this court. (See McKinney’s Session Laws, 1976, pp 2311, 2312.) Of course the former mandatory requirements are listed, however, their wording has been changed somewhat. The pertinent portion of the new subdivision reads as follows: "[T]he court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy.”
At the outset, it is observed that the State did not present an affidavit in opposition to the relief sought, but merely submitted a memorandum of law. This certainly does not meet the evidentiary showing a party must make to successfully oppose a properly supported motion. Consequently, the court has treated all allegations in the moving papers as true (see Peterson v State of New York, 84 Misc 2d 296, 298, and cases cited), including the proposed claim (see Buffington v State of New York, 204 Misc 217, 218), and we have drawn all favorable inferences therefrom.
The above-noted evidentiary failure of defendant has its most immediate impact in respect to the factors of the State’s notice and opportunity to investigate. The affidavits of both petitioners allege that the superiors of the State’s driver were notified of the accident. Normally greater details of petitioners’ source of knowledge of said notice would be more appropriate, but defendant’s failure to evidentially refute said alle *892 gations constrains the court to accord them at least some weight. Further, and more importantly, a letter to the injured petitioner from the State’s insurance carrier, dated May 20, 1976 (54 days after the accident), indicates that the carrier was aware of the accident sufficiently enough to make an inquiry thereof. By reason of this letter inquiry and the other attendant circumstances, we must conclude that the State was also aware of the essential facts constituting petitioners’ proposed claim and had the opportunity to conduct an investigation of the surrounding events.
Two other factors to be considered are excuse and prejudice. The affidavit of petitioner Luzella Woodley discloses she was hospitalized for 103 days and the claim delineates the severe injuries sustained, including head and brain injuries rendering her semiconscious for about 10 days. A supporting affidavit from petitioner’s physician confirms the fact of her hospitalization and that she was incapacitated and immobilized at least until June 24, 1976. Said physician also states that Mrs. Woodley was in pain and under medication during much of her hospitalization and that she could not perform in a normal manner during the 90 days after her accident (see Bloom v State of New York, 5 AD2d 930). Petitioners’ papers further establish that an attorney was retained within a week of Mrs. Woodley’s discharge from the hospital. Under the law prior to the subject amendment, we believe it clear the above facts would have demonstrated a reasonable excuse. (See Carmen v State of New York, 49 AD2d 965, 966; Stabile v State of New York, 12 AD2d 698; Bloom v State of New York, supra; cf. Crane v State of New York, 29 AD2d 1001, 1002.) However, under such law it was the apparent rule that only the 90-day period following accrual had to be excused. (See Rugg v State of New York, 278 App Div 216, 218, revd other grounds 303 NY 361, amd 279 App Div 810; but see Bloom v State of New York, supra, p 931; Penn No. 5 v State of New York, 205 Misc 18, 20.) Because of the language changes in new subdivision 6, we are of the view that the excuse now offered must relate to a more extensive period, to wit, from the accrual date to the date leave is sought to file a late claim. Thus, although the facts at hand presumably excuse a delay of up to 3V% months, the only discernible excuse thereafter was the belief of petitioners’ counsel that a notice of intention filed on July 9, 1976 was timely and effective. While we find the putative excuse for the final month and a half delay less than *893 satisfactory (it appears to be little more than attorney inadvertence — see, e.g., 500 Eighth Ave. Assoc. v State of New York, 30 AD2d 1010), it is our opinion that said delay was not overly excessive. Moreover, the court perceives no substantial prejudice to the State from this delay and, of course, defendant’s failure to present any factual affidavits herein leaves us with no other basis on which to predicate a finding thereof. We thus find that while petitioners’ delay in filing was not excusable in its entirety, the limited unexplained delay was not such as to substantially prejudice the State.
The remaining factors required to be considered are whether the claim appears to be meritorious and whether petitioners have any other remedy available. The moving papers clearly reveal the proposed claim has merit and while it does appear petitioners may have another remedy, to wit, a suit in Supreme Court against the State’s driver individually, that remedy is not necessarily a wholly satisfactory one since the State could not be joined as a codefendant therein. In any event, this latter factor is the only one ostensibly not supportive of petitioners’ application but, as noted, the unfavorableness of one factor listed in subdivision 6 does not require us to deny a motion thereunder. A discretionary balancing and weighing of the various factors is now the procedure and the court believes the availability of an alternate remedy is not sufficiently significant here to outweigh the factors favoring late filing.
We note the above analysis does not apply in toto for two of the considered factors (excuse and merit) for the derivative claim of petitioner Arthur Woodley. Since Mr. Woodley was not injured in the subject accident, the delay in filing his cause of action is not excusable on that basis. However, he does have the excuse that he could not bring his derivative claim independently, but only as a part of his wife’s claim. (See Millington v Southeastern Elevator Co., 22 NY2d 498, 507, 508; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1001, 1969 Supp; see, also, Young v St. Joseph’s Hosp., 51 AD2d 869, 870.) Thus we find Mr. Woodley’s delay in asserting his claim is excusable to the same extent as his wife’s and, further, his claim appears to be meritorious. In all other respects, our conclusions with respect to the other factors above discussed are equally applicable to Arthur Woodley’s derivative action.
Accordingly, weighing the factors as herein discussed, tak *894 ing particular note of the ameliorative intent of the new subdivision 6 of section 10 of the Court of Claims Act we find it a proper exercise of our discretion to permit the late filing of the subject proposed claim. Petitioners’ application is therefore granted.

 Apparently counsel for both sides were unfamiliar with this amendment. Petitioners’ papers describe the instant motion as brought under subdivision 5 of section 10 of the Court of Claims Act (which subdivision now deals with legal disabilities, not discretionary late filings) and defendant’s only paper in opposition (a memorandum of law) similarly refers to said subdivision. Inasmuch as the motion at bar was made on the effective date of the above-cited amendment (i.e., Sept. 1, 1976), we think it clearly proper to apply the new subdivision 6 here. Such application accords with the general rule of statutory construction that procedural statutes are to be applied to pending cases, except where the effect would be to create a remedy where none previously existed. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 55; see, also, Hackal v State of New York, Ct of Claims [Rossetti, J.], Motion M-15648, filed Oct. 18, 1973, p
*891 6.) Since it is evident that discretionary late filing under subdivision 6 is not a new remedy (such relief was heretofore provided under former subd 5), our application thereof clearly conforms with the general rule mentioned above.