Vincent A. DeIÓrio, J.
This is an application for permission to late file a claim pursuant to subdivision 6 of section 10 of the Court of Claims Act.
The proposed claim herein states that on or about August 1, 1976 and prior to August 11, 1976, the New York State Thruway Authority (hereinafter "authority”), by its agents, servants and employees, initiated the repair of gasoline storage tanks situated at the Iroquois and Indian Castle Thruway Plaza and in so doing, interrupted the flow of gasoline from one tank to another; that as a result of such interruption, they thereafter returned to said area to dig and open the flow pipe leading between the two tanks and, in the process, they punctured and broke the flow pipe, causing gasoline to leak from the tanks; that upon discovery of the leak, the authority was notified thereof, and on August 11, 1976, the authority, by its agents, servants and/or employees attempted to repair the leak, but failed to do so and thereafter on August 13 and 14, 1976, returned and finally succeeded in repairing the leak.
As a result of the foregoing factual portrayal, the proposed claim further states that 19,019 gallons of gasoline were lost; that the proposed claimant (hereinafter "claimant”) suffered a loss of profits; and that the defendants consumed $1,000 worth of electrical services and other products in seeking to effect repairs, all to claimant’s damage. As well, the proposed claim (paragraph "Fourth”) contains numerous allegations of negligence on the part of the authority.
PERMISSION TO LATE FILE A CLAIM — GENERALLY
This court has the discretionary power to permit the late filing of a claim against the State of New York and the authority. Subdivision 6 of section 10 of the Court of Claims Act mandates that two essential preliminary requirements be met before the court may even reach its discretionary author *169 ity, to wit: (1) timeliness of institution of application, and (2) submission of a proposed claim satisfying the requirements of section 11 of the Court of Claims Act.
The time within which to apply for such permission was also statutorily provided for in predecessor subdivision 5 (though the period of time is changed, as discussed below). The requirement of presentation of a proposed claim satisfying section 11 of the Court of Claims Act on the application is new to the statute but pre-existing case law also mandated such under old subdivision 5. (See, Davis v State of New York, 28 AD2d 609; Di Bacco v State of New York, 57 Misc 2d 832.)
A review of the papers before the court, including the proposed claim, reveals that subject claim is one for alleged negligence and accrued on August 11, 1976. The statutory limitation of a like claim against a private citizen is three years from the date of accrual. (CPLR 203, subd [a]; 214, subd 4.) The instant application is, therefore, timely instituted.
After reviewing the proposed claim herein, the court is satisfied that it clearly states the time when and place where the claim arose, the nature of the claim (the manner in which claimant was injured and the manner in which the defendants were responsible for such injury), the items of damage or injury and the total sum claimed. Therefore, the court concludes that the proposed claim satisfies the requirements of section 11 of the Court of Claims Act as required by subdivision 6 of section 10 of the Court of Claims Act.
The court concludes that both the preliminary essential statutory requirements have been met and that it may now proceed to a consideration of the merits of the application to determine whether or not to exercise its statutory discretion. In this respect, new subdivision 6 reads as follows: "In determining whether to permit the filing of a claim * * * the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy.”
This new subdivision as enacted became effective September 1, 1976. Though in existence a relatively short time, there has been interpretative treatment and application thereof by both *170 trial and appellate tribunals. (See, Kelly v State of New York, 57 AD2d 320; Woodley v State of New York, 88 Misc 2d 889; Sessa v State of New York, 88 Misc 2d 454; Terrell v Green Haven Correctional Facility, Ct of Claims, June 16, 1977, M19358; Rutkowski v State of New York, Ct of Claims, April 26, 1977, M-19380; Biondo v New York State Thruway Auth., Ct of Claims, April 18, 1977, M-19354; Katz v State of New York, (Ct of Claims, April 4, 1977, M-19225; Kaestner v State of New York, Ct of Claims, Feb. 16, 1977 M-19161; Mickel v State of New York, Ct of Claims, Dec. 6, 1976, M-18998.)
Additionally, there have been like judicial decisions on the legislative amendment to subdivision 5 of section 50-e of the General Municipal Law also effective September 1, 1976, and dealing with applications for leave to serve a late notice of claim upon municipal corporations. (See, Van Horn v Village of New Paltz, 57 AD2d 642; Nolan v County of Otsego, 55 AD2d 422; Rippe v City of Rochester, 57 AD2d 723; Matter of Smalls v New York City Health and Hosps. Corp., 55 AD2d 537.)
There appears to be a respectable consensus of judicial authority with which this court both agrees and suggests includes the following: (1) the time within which application for such permission should be made was changed and lengthened at least in most cases of unintentional torts; (2) the purpose of the amendatory legislation was to vest broader discretion in the courts to permit late filings than theretofore existed; (3) the basis upon which such discretion is to be exercised was broadened from that which theretofore existed; (4) the statutory factors recited within the new subdivision need not be found to exist conjunctively in order to exercise such discretion in favor of the applicant, as theretofore existed; (5) the statutory factors are no longer cast as absolute but are a recitation of factors, among others, which the court may consider; (6) the legislative aim, purpose and intent was to create a fairer and more logical late claim judicial procedure which would at least obviate (if not replace) the resort to private bills for access to this court, as theretofore existed.
It is with this analysis in mind, that the court now proceeds to its consideration of the specific application herein, separately discussing the virtue thereof as to each defendant.
PERMISSION TO LATE FILE — AS AGAINST THE STATE
On the factor of notice, the proposed claim states that the *171 authority was notified of the gas leak on or about August 11, 1976 and that the claim accrued on that date. Although there are conclusory averments in Mr. Walach’s affidavit to the effect that the State was notified, no specific data or support therefor is shown. The court concludes that the notice allegedly chargeable to the State is sought to be imposed derivatively upon notice to the authority.
The authority is a legal entity separate in being from the State of New York. In its operation of the Thru way, the authority is not an agent of the State, and notice to the authority does not constitute notice to the State or vice versa. (See, Tomlinson Constr. Co. v State of New York, 30 Misc 2d 1010, affd 16 AD2d 1032.) The papers, therefore, are insufficient to demonstrate that the State of New York had any notice of this claim within the 90-day period from claim accrual.
Additionally, aside from those same conclusory averments, alluded to above, there is no showing, that the State had any opportunity to investigate the circumstances stated in the proposed claim within the 90-day period. The various papers submitted in support of the motion indicate notice, investigation by, and legal action against the authority and not the State of New York.
Lastly, based upon all of the papers herein, there is a decided failure of demonstration that the claim as proposed against the State of New York is meritorious. Indeed, this court’s interpretation of the claim, viewed in its most favorable light to claimant, clearly establishes that liability, if any, for the alleged damages, lies with the authority and not the State of New York. (Tomlinson Constr. Co. v State of New York, supra.)
In view of all of the foregoing, the court concludes that the application for permission to late file a claim against the State of New York should be denied.
PERMISSION TO LATE FILE A CLAIM — AS AGAINST THE AUTHORITY
The papers herein clearly and unquestionably reveal that the authority had notice of the essential facts and the opportunity to investigate the underlying facts of the proposed claim within the 90-day period from alleged claim accrual. The authority does not dispute this conclusion.
*172 Additionally, there is no showing whatever of any prejudice that might result to the authority by reason of a late filing and further, assuming the facts stated in the proposed claim to be true, the proposed claim appears to be meritorious as against the authority.
The authority urges that the application should be denied on the grounds (1) that another available remedy exists, and (2) that no legally acceptable excuse has been proffered for the "delay in filing a notice of intention or claim”. Both arguments are addressed to statutorily stated factors of judicial consideration.
The basis for the authority’s first contention is that a Supreme Court action continues to exist as against Armor Shield, Inc., an alleged subcontractor, who was involved in some manner in the acts allegedly giving rise to this claim. The papers herein do not reveal the precise legal relationship between the authority and Armor Shield, Inc. Nor do the papers persuade the court that the authority’s liability is purely derivative, i.e., based on its relationship with Armor Shield, Inc., (whatever that may be) and not upon its own affirmative acts or relationship with claimant. Hence, the court cannot conclude that the existing Supreme Court action against Armor Shield, Inc., constitutes another "available remedy” of this claimant against the authority.
The second contention of the authority requires preliminary analysis before a conclusion may be reached.
Under the predecessor statutory provision of subdivision 6 of section 10 of the Court of Claims Act, the movant was required to demonstrate a reasonable excuse for the failure timely to file within the initial period set forth for the filing of a notice of intention — in this case, 90 days. (Bloom v State of New York, 5 AD2d 930; Rugg v State of New York, 278 App Div 216, revd on other grounds 303 NY 361; Peterson v State of New York, 84 Misc 2d 296.)
It is important to note that the then statute provided as follows: "5 * * * The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention”.
It is now provided in new subdivision 6 that "the court shall consider, among other factors, whether the delay in filing the claim was excusable”. (Emphasis added.)
As to such "excuse”, the authority’s contention is two-fold. *173 The authority contends that with the amendment of subdivision 5 and its renumbering to subdivision 6, the court now must consider not only whether the failure to file during the permissible statutory filing period is excusable, but also whether there is any excuse for the delay in seeking permission to late file. The authority’s support for this position is the following quoted portion of the decision in Woodley v State of New York (88 Misc 2d 889, 892): "Because of the language changes in new subdivision 6, we are of the view that the excuse now offered must relate to a more extensive period, to wit, from the accrual date to the date leave is sought to file a late claim.”
At this point, it seems necessary to separate the questions of timely claim filing as distinguished from timely application for permission to late file.
Section 10 of the Court of Claims Act dictates the time within which claims are to be filed. In all tort actions, claims are to be filed within 90 days of accrual or appointment of administrator in death claims. The time to so file is statutorily extended to two years from accrual date (or death of decedent in wrongful death claims) if a notice of intention is filed within the initial 90-day period. (Court of Claims Act, § 10, subds 2, 3, 3-a.) Contract claims are to be filed within six months of accrual with this period also statutorily extended to two years from accrual if a notice of intention is filed within the initial six month period. (Court of Claims Act, § 10, subd 4.)
These claim filing time periods remain the same and are unchanged by new subdivision 6 of section 10 of the Court of Claims Act. The time period that is changed by new subdivision 6 of section 10 of the Court of Claims Act is the time period within which application for late filing must be made.
Under former subdivision 5, all such applications (tort and contract) had to be made within two years of claim accrual or in case of a wrongful death claim within two years after decedent’s death. Under new subdivision 6, the time period within which all such applications are to be made is controlled by CPLR article 2, and depending upon the nature of the claim, could run from one year to a possible 20 years of claim accrual.
Therefore, the timeliness of application has been shortened or lengthened depending upon the nature of the claim sought *174 to be late filed while the time period for filing claims (or notices of intention) without permission remains the same.
It is abundantly clear, under former subdivision 5 and case law authorities thereunder, that the time period as to which the applicant’s excuse related was coextensive with the 90-day or six-month filing periods provided in subdivisions 2, 3, 3-a and 4 of section 10 of the Court of Claims Act. (McGaughy v State of New York, 55 AD2d 823; Bloom v State of New York, supra; Rugg v State of New York, supra.) The question of whether new subdivision 6 expands this period of time is one of statutory construction and intent.
The predecessor provision in subdivision 5 of section 10 of the Court of Claims Act stated: "5. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for ñling the notice of intention, may * * * be permitted to file such claim at any time within two years * * * The application * * * shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention”. (Emphasis added.)
The present provision in subdivision 6 of section 10 of the Court of Claims Act states: "6. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for ñling the claim or notice of intention, may, nevertheless * * * be permitted to file such claim * * * In determining whether to permit the filing of a claim pursuant to this subdivision, the court shall consider, among other factors, whether the delay in ñling the claim was excusable”. (Emphasis added.)
If a claim or notice of intention must yet be filed within the same time period as before new subdivision 6, then the period of the delay in ñling to be considered by the court as excusable remains the same. Nothing in new subdivision 6 calls for any expansion of this period directly nor can this court reasonably construe the language or intent thereof to so dictate.
Further, the factor of delay as expressly stated in the statute negates mandatory consideration of a more extensive period. A claim can only be filed (without leave of this court) within a prescribed statutory period. Any delay in ñling thereafter would be unimportant since any such filing would serve no purpose jurisdictionally. The use of past tense ("was excusable”) is also of some note. Had the Legislature intended *175 a different result, the language could easily have set forth "delay in moving for permission to file a claim is excusable” and this would have mandated consideration of an excuse from claim accrual to the date leave is sought to file a claim.
This view of the essential excusable time period is supported also by considering the other statutory factors, e.g., notice and opportunity to investigate. Since the essential jurisdictional purpose of timely filing is to give timely notice and opportunity to investigate within the prescribed periods, the period of time to which both former subdivision 5 did and new subdivision 6 must relate is the time period from date of accrual to the date of time-barring of a claim.
Nevertheless, in an appropriate case, the timeliness of claimant’s application for permission to late file and whether or not such constitutes a circumstance or delay which should be excused may be considered. Such was considered even prior to new subdivision 6. (Penn No. 5 v State of New York, 205 Misc 18.)
Under subdivision 6 of section 10 of the Court of Claims Act, this court is not restricted to the factors it may consider. Thus, even though the delay in filing the claim was excusable (as it was in Woodley), the delay in moving for permission to late file could be an important factor bearing upon prejudice, notice and/or opportunity to investigate, particularly when the motion, though timely, has been delayed for a considerable period (as, for example, in contract situations, up to six years). Such discretionary power to consider the timeliness of the application is clearly within the ambit of subdivision 6, but the mandated judicial "excusing” for delay in filing the claim relates to the jurisdictional filing time period.
The movant sets forth essentially two proffered excuses for his failure timely to file within 90 days of claim accrual, to wit: (1) that he was ignorant of this court’s filing requirements, and (2) that he was engaged in negotiations with the authority and felt that the matter would be settled without the need to resort to legal action.
As to the first excuse, the law has been clear that ignorance of this court’s filing requirements is not a reasonable or legally acceptable excuse. (Landry v State of New York, 1 AD2d 934, affd 2 NY2d 927; Modern Transfer Co. v State of New York, 37 AD2d 756; Crane v State of New York, 29 AD2d 1001.)
As to the second excuse, the movant urges that he was *176 engaged in negotiations toward settlement and felt that the claim could be settled without litigation. The papers do reveal that a claim for compensation of some sort was submitted to the authority and that the authority investigated the claim. It is clear that such claim was made and investigation was conducted within the 90 days from alleged claim accrual (August 11, 1976), though there is no factual showing that the authority ever revealed that some settlement could be reached or that the matter could be negotiated. The first communication between movant and the authority shown herein occurred on December 3, 1976 (beyond 90 days from claim accrual) and consisted of a letter indicating that the authority could not accept responsibility for loss of product.
Ordinarily, courts have been loathe to accept the mere hope of some settlement as a sufficient excuse and have required some showing that there was an assurance of settlement or that negotiations would take place, thus inducing reliance on the probability of settlement. (Youngstown Pneumatic Concrete Co. v State of New York, 55 AD2d 776, mot for lv to app den 41 NY2d 803; Modern Transfer Co. v State of New York, supra.)
Yet, in the instant case, we have a claimant businessman whose continued economic and business operations would be with and under the aegis of the authority. It certainly is inferable from the record that some anxiety existed to get along favorably with the authority and hence, the attempt to resolve the claim without resort to legal proceedings which might upset future continuing relationship.
This court has no difficulty in concluding that claimant’s efforts to this end were reasonable under the circumstances throughout the statutory period of 90 days for claim filing. The first written communication by the authority denying liability was dated December 3, 1976, some 114 days after claim accrual. The reasonableness of claimant’s actions while not amounting to a classic presubdivision 6 legal excuse, is a factor which the court does consider in weighing and balancing the peculiar and distinctive facts portrayed in this application.
Here, there is no question that within the statutory period, the authority had notice of the essential facts of the claim and had not only an opportunity, but did in fact, investigate the circumstances underlying the claim. The claim as proposed and discussed above, is legally meritorious and there is no *177 showing that the failure to file a timely claim or notice of intention results in any prejudice to the authority. Further, and as above discussed, the court is not persuaded by the record that claimant has any other available remedy. Added to these weighty considerations is the court’s view of claimant’s conduct and actions throughout the statutory filing period as reasonable.
Lastly, the activities of claimant following receipt of the authority’s letter dated December 3, 1976 were likewise reasonable as he contacted his first attorney on December 9, 1976. Much is made by the authority of the inadvertence or error of claimant’s former attorney in attempting a direct suit against the authority in Supreme Court and claimant’s failure to bring on this application for a period of 100 days following notification by the State of the applicability of the Court of Claims Act to subject claim.
As discussed above, this court has concluded that there is no statutorily mandated need to excuse the period from and after the date of time-barring of subject claim. However, considering the timeliness of application herein as one of the "among other factors” the court may consider, the court concludes (1) that the application is statutorily timely (being brought within the three-year period from claim accrual); (2) that the failure to secure legal counsel until after the claim was time-barred was both understandable and reasonable; (3) that the inadvertence or error of claimant’s former attorney occurring after the claim was time-barred should not preclude the relief sought; (4) that no undue or substantial prejudice to the authority is shown by the lapse of time between the date of time-barring of subject claim and instant application, and (5) that neither claimant nor his present attorneys are guilty of inordinate delay and/or laches in seeking the requested relief.
Lastly, such judicial excusing herein whether within or beyond the statutory filing period is but one of the factors to be considered, the absence of which, even if assumed, would not by itself "veto” all the other such factors which are found in claimant’s favor herein. (Kelly v State of New York, 57 AD2d 320, supra; Woodley v State of New York, 88 Misc 2d 889, supra; Sessa v State of New York, 88 Misc 2d 454, supra; Mickel v State of New York, Ct of Claims, Dec. 6, 1976, M18998, supra.)
On balance, the record more than amply supports this *178 court’s concluded exercise of discretion in claimant’s favor in permitting late filing of the proposed claim.
In so doing, the court feels compelled to express the caveat that this conclusion stands alone, unto itself and upon its own record. It should neither be interpreted nor used as precedent authority for other than the equal factual circumstances presented within this record.
In view of all of the foregoing, it is the decision of this court that the application for permission to late file the proposed claim be denied as against the State of New York and granted against the New York State Thruway Authority.